451 S.E.2d 761

STATE of West Virginia, ex rel. Darrell V. McGRAW, Jr., Attorney General of West Virginia, Petitioner,

v.

The Honorable Paul ZAKAIB, Jr., Judge of the Circuit Court of Kanawha County, and Fahlgren Martin, Inc., Respondents.

No. 22235.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Nov. 18, 1994.

Darrell V. McGraw, Atty. Gen., Silas Taylor, Sr. Deputy Atty. Gen., Charleston, for petitioner.

Larry A. Winter, David D. Johnson, III, Spilman, Thomas & Battle, Charleston, for respondent Fahlgren Martin, Inc.

NEELY, Justice:

This case's central question concerns whether the Honorable Darrell V. McGraw, Attorney General of West Virginia, should pay the costs and attorneys' fees that Fahlgren Martin, Inc. incurred during a mandamus action in which the Attorney General was ultimately ordered by this Court to approve as to form a proposed contract to provide advertising services for the State Lottery. *See State ex rel. Fahlgren Martin, Inc. v. McGraw*, 190 W.Va. 306, 438 S.E.2d 338 (1993) (hereinafter *Fahlgren Martin I* ). Because the Attorney General's actions in *Fahlgren Martin I* do not show a "willful" failure to obey the law, we refuse to require the Attorney General to pay Fahlgren Martin's costs and attorneys' fees, and, therefore, we grant the requested writ of prohibition.[1]

Today's case arises out of *Fahlgren Martin I*, a mandamus action brought by Fahlgren Martin against the Attorney General,

Ron Riley, Director of the Purchasing Division of the Department of Administration, and Chuck Polan, Secretary of the Department of Administration. In *Fahlgren Martin I*, the Attorney General, as required by *W.Va.Code* 5A-3-13 [1990], was ordered to approve as to form a proposed contract to provide advertising services for the State Lottery. After we awarded the requested writ of mandamus in *Fahlgren Martin I*, Fahlgren Martin petitioned the Circuit Court of Kanawha County seeking reimbursement from the Attorney General's office of its costs and attorneys' fees incurred in the prosecution of *Fahlgren Martin I*.

Proceeding on the *Fahlgren Martin I* record, the circuit court found that the Attorney General's refusal to approve the 1993 contract was a knowing and willful disregard of his duty that forced Fahlgren Martin to litigate to obtain that which it was clearly entitled by statute. The circuit court required the Attorney General to pay Fahlgren Martin's "costs including reasonable attorneys' fees incurred in the prosecution and subsequent appeal of this mandamus action," by order dated 23 February 1994. According to the Attorney General's brief, Fahlgren Martin's costs and attorneys' fees are approximately $75,000. The Attorney General then petitioned this Court for a writ to prohibit enforcement of the circuit court's payment order.

I

In order to determine the appropriateness of the award of costs and attorneys' fees, *Fahlgren Martin I* 's record must be briefly reviewed. An advertising contract between the State Lottery and Fahlgren Martin was drafted after the Lottery Commission found and the Purchasing Division confirmed that Fahlgren Martin received the highest score in the 1993 bidding process. In March 1993, the Purchasing Division forwarded the purchasing order and underlying documents to the Attorney General for his review, pursuant to *W.Va.Code*, 5A-3-13 [1990] which re-

---

1. No personal liability is involved because in this matter Attorney General McGraw was acting and was sued in his official capacity. When a public official is acting in his or her official capacity, any award of costs and reasonable attorneys' fees must be paid from the public officer's office budget.

quires the Attorney General to approve contracts as to form. *Fahlgren Martin I, id.,* 190 W.Va. at 309, 438 S.E.2d at 341.

Because of the April 1993 indictment of Elden "Butch" Bryan, the Director of the State Lottery, for fraudulently awarding the 1991 Lottery advertising contract to Fahlgren Martin, the Attorney General on 5 May 1993 announced he was withholding approval of the 1993 contract. *Id.,* 190 W.Va. at 309, 438 S.E.2d at 341. The Attorney General advised Secretary Polan and Mr. Riley that "until the criminal issue has been resolved ... it would be remiss of this office to approve the contract and the purchase change request for the fiscal year 1993." *Id.,* 190 W.Va. at 309, 438 S.E.2d at 341. Although there was no evidence of any illegality in the 1993 contract's procurement, Mr. Bryan and "two of the three Lottery employees who comprised the 1993 bid evaluation committee also were involved in the illegal 1991 evaluation process." *Id.,* 190 W.Va. at 309, 438 S.E.2d at 341.

On 14 May 1993, Fahlgren Martin, Inc., filed a petition for a writ of mandamus in the Circuit Court of Kanawha County to order the Attorney General to approve the 1993 contract as to form, and to require Mr. Riley and Mr. Polan to carry out the terms of the Lottery advertising contract. *Id.,* 190 W.Va. at 309, 438 S.E.2d at 341. The circuit court granted the requested writ of mandamus and, subsequently, we affirmed.[2] Following this Court's decision and the Attorney General's approval as to form, the Division of Purchasing immediately cancelled the 1993 Lottery advertising contract.

## II

In support of his request for relief, the Attorney General maintains that absent clear precedent, public officers must be allowed to interpret their authority without fear of re-prisals. In *Fahlgren Martin I, id.,* 190 W.Va. at 312, 438 S.E.2d at 344, we discussed the case of *Manchin v. Browning,* 170 W.Va. 779, 296 S.E.2d 909 (1982), which concerned the limited role of the Attorney General. In *Fahlgren Martin I,* we concluded that under *Manchin* "because the Attorney General has no common law authority, his power is limited to what is conferred by law through statute and the Constitution." However, we acknowledged that although "the facts behind this case [*Fahlgren Martin I*] and *Manchin* are different," *Manchin*'s reasoning applies. *Fahlgren Martin I,* 190 W.Va. at 312, 438 S.E.2d at 344.

However, in *Fahlgren Martin I,* the Attorney General did not use the common law justification rejected in *Manchin;* rather, the Attorney General maintained that his authority arose from his oath of office and noted that during the previous four administrations, the Attorneys General had considered the legality of proposed contracts. Based on *Manchin*'s reasoning and the language of *W.Va.Code* 5A-3-13 [1990][3], we rejected the Attorney General's argument and awarded a writ of mandamus.

Fahlgren Martin maintains that *State ex rel. Hercules Tire & Rubber Supply Co. of W. Va., Wholesale Division of H. & I Auto Supply Co. v. Gore,* 152 W.Va. 76, 159 S.E.2d 801 (1968), offered the Attorney General clear guidance concerning his role in the awarding of state contracts. *Hercules* was a mandamus action to compel the commissioner of the department of finance and administration to sign a state purchase contract. Although *Hercules,* 152 W.Va. at 83, 159 S.E.2d at 806, does note that the code provides that " 'the responsibility and duty of the attorney general' is merely to approve such contracts *as to form,*" we fail to see how this one line without explanation in a factually distinct case offers such clear guidance.

---

**2.** The Attorney General appealed the circuit court's mandamus order but Sec. Polan and Mr. Riley did not. Subsequently, we ordered Sec. Polan and Mr. Riley to "make a written response to the appealed order." *Fahlgren Martin I, id.,* 190 W.Va. at 310 n. 1., 438 S.E.2d at 342 n. 1. Sec. Polan and Mr. Riley are not subject to the circuit court's order requiring the Attorney General to pay Fahlgren Martin's attorneys' fees and costs incurred during prosecution of the mandamus action.

**3.** *W.Va.Code* 5A-3-13 [1990] provides that "[c]ontracts shall be approved as to form by the attorney general. A contract that requires more that six months for its fulfillment shall be filed with the state auditor."

In *Fahlgren Martin I*, the Attorney General argues that his responsibility arose not just under the code section but from his oath of office. We also note that *Fahlgren Martin I* did not look to *Hercules* for guidance, and thus we reject Fahlgren Martin's contention that the Attorney General violated clear precedent.

Although one requirement for a writ of mandamus is "a clear right to the relief sought" (Syl. pt. 2, in part, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981)), the showing of such "a clear right" does not automatically shift a petitioner's costs and attorneys' fees onto the public officer involved. Although some disingenuous hindsight rule would be easy to apply, accurate predications of court decisions are not a requirement for the office of Attorney General, even when the Attorney General served on this Court. *See Mitchell v. Forsyth*, 472 U.S. 511, 535, 105 S.Ct. 2806, 2820, 86 L.Ed.2d 411, 431 (1985) (rejecting hindsight-based reasoning to determine an official's qualified immunity from suit); *State v. Chase Securities, Inc.*, 188 W.Va. 356, 364, 424 S.E.2d 591, 599 (1992) (in immunity cases, "the official's act must be shown to have violated clearly established law").

■ Rather, "[o]rdinarily, in mandamus proceedings, costs will not be awarded against a public officer who is honestly and in good faith endeavoring to perform his duty as he conceives it to be. [Citations omitted.]" *Nelson v. West Virginia Public Employees Ins. Bd.*, 171 W.Va. 445, 450, 300 S.E.2d 86, 91 (1982). *Accord* Syl. pt. 5 *Graf v. Frame*, 177 W.Va. 282, 352 S.E.2d 31 (1986).

■ However, when a public official *willfully* fails to obey the law, costs and attorneys' fees will be awarded. Syl. pt. 3, *Nelson*, states:

It is settled that in mandamus proceedings where a public officer willfully fails to obey the law, costs will be awarded.

Syl. pt. 4, *Nelson*, states:

In mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded.

*See Graf v. Frame, supra*, 177 W.Va. at 290, 352 S.E.2d at 39 (refusing to award costs and attorneys' fees because official "endeavored to comply in good faith on a case by case basis"); *Pritchard v. Crouser*, 175 W.Va. 310, 317, 332 S.E.2d 611, 618 (1985).

■ . *Nelson's* requirement of a public official's willful failure is based on a long common law tradition of protecting a public servant who acts in good faith even though those acts are later found to be in error. In *State ex rel. Koontz v. Bd. of Park Com'rs of City of Huntington*, 131 W.Va. 417, 429, 47 S.E.2d 689, 696 (1948), we said, "[a]n award of costs in mandamus against a public officer ... would have a tendency to deter such officer from undertaking the performance of his duty in instances in which his ultimate success may be doubtful." The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396, 425 (1982), noted that a rule that routinely penalized public officers would cause "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *See, Nelson*, 171 W.Va. at 451, 300 S.E.2d at 95 (Neely, J., concurring) (fee-shifting can be a mechanism to control abuse).

In this case, we find that the Attorney General did not *willfully* fail to obey the law and refuse to require the Attorney General's office to pay the costs and attorney's fees that Fahlgren Martin incurred in obtaining a writ of mandamus (*Fahlgren Martin I*). Although in *Manchin*, this Court addressed the Attorney General's common law powers and duties, *Fahlgren Martin I*, was a case of first impression that established the procedures to be followed when the State is about to enter a potentially illegal contract. We refuse to impose costs and attorneys' fees in this case because we had not spoken in detail with respect to the duty of the Attorney General in these circumstances. *See Graf v. Frame, supra*, 177 W.Va. at 290, 352 S.E.2d at 39 (declining to award costs and attorneys' fees when a respondent's duty had not been previously addressed "in detail").

For the above stated reasons, the writ of prohibition is granted.

Writ granted.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.