486 S.E.2d 782 (1997)
199 W.Va. 613
Delbert MARTIN Petitioner Below, Appellee,
v.
WEST VIRGINIA DIVISION OF LABOR CONTRACTOR LICENSING BOARD Respondent Below, Appellant.
Larry WORKMAN Petitioner Below, Appellee,
v.
WEST VIRGINIA DIVISION OF LABOR CONTRACTOR LICENSING BOARD Respondent Below, Appellant.
No. 23380.
Supreme Court of Appeals of West Virginia.
Submitted January 22, 1997.
Decided February 21, 1997.
Concurring Opinion of Chief Justice Workman June 23, 1997.
*783 Darrell V. McGraw, Attorney General, Daynus Jividen, Senior Assistant Attorney General, Charleston, for Appellant.
Matthew J. Hayes, Pepper & Nason, Charleston, for Appellees.
DAVIS, Justice:
Appellant, West Virginia Contractor Licensing Board, appeals the September 28, *784 1995, order of the Circuit Court of Kanawha County, which permanently enjoined appellant from suspending the licenses of two contractors against whom default judgments were entered in magistrate court. Appellant argues that a default judgment rendered in magistrate court is adjudication by a court of record as required for the suspension of a license under W. Va.Code § 21-11-14(h). Appellant also complains that the circuit court erred in granting attorney fees in favor of appellee contractors, petitioners below. We find that magistrate court is not a court of record as contemplated by W. Va.Code § 21-11-14(h), and thus the circuit court properly enjoined appellant from suspending the contractors' licenses. However, we find that the circuit court erred in granting attorney fees in favor of the contractors.

I. FACTS
This case arose after Roy Akers, who is not a party to this action, contracted with appellee Delbert Martin (hereinafter "Martin") for the construction of a house and was unsatisfied with the finished product. Mr. Akers brought separate suits against appellee Martin and appellee Larry Workman (hereinafter "Workman") in the Magistrate Court of Kanawha County. Both Martin and Workman failed to respond to the suits filed against them. Consequently, each suit resulted in a default judgment in favor of Mr. Akers in the amount of $5,000 plus court costs.
Mr. Akers then filed a complaint against Martin and Workman with appellant, the West Virginia Division of Labor Contractor Licensing Board (hereinafter "appellant" or "Board"). Mr. Akers complained that appellees contracted with him for the construction of a house and subsequently breached the contract.[1] He further complained that appellees built a substandard and unsatisfactory house.
The Board conducted a hearing on the complaint against appellee Martin on November 15, 1994, at which Martin appeared pro se and provided sworn testimony. The Board conducted a subsequent hearing on the complaint against appellee Workman on January 17, 1995. Mr. Workman was represented by counsel. Although Workman did not provide sworn testimony at his hearing, he was questioned by the board. At each proceeding, the board heard the sworn testimony of Mr. Akers, who also presented the board with documentation supporting his claims.[2]
At the conclusion of the testimony presented at Workman's hearing, his counsel argued that Workman was merely an employee of Martin and did not hold a contractor's license at the time of the construction of Mr. Akers' house.[3] Counsel argued further that the Board did not have authority to take action against Workman under W. Va.Code § 21-11-14(h), because the default judgment obtained in magistrate court was not a judgment by a court of record.
The Board subsequently voted unanimously to suspend the contractor licenses held by Martin and Workman. The Board notified Martin, by letter dated November 21, 1994, that his license was being suspended based upon the Board's finding that he violated section 21-11-14(g)(11)[4] of the West Virginia *785 Contractor Licensing Act. Martin was further informed that any future reinstatement of the license would be for the electrical classification only and that all other classifications were permanently revoked.[5]
The Board notified Workman, by letter dated January 26, 1995, that his license was being suspended based upon the Board's finding that Workman violated sections 21-11-14(g)(8)[6] and (11)[7] of the West Virginia Contractor Licensing Act. Both Martin and Workman were informed that a condition and prerequisite to the reinstatement of their respective licenses was payment of the judgment obtained by Mr. Akers, plus any interest and costs.
Thereafter, Martin and Workman each filed a petition for a writ of prohibition in the Circuit Court of Kanawha County to prevent the Board from enforcing the suspension of their respective licenses. Both men also requested attorney fees and costs incurred in bringing the prohibition action. The two actions were subsequently consolidated by the circuit court. The circuit court, after hearing the parties' arguments, concluded that in West Virginia a magistrate court is not a court of record. Consequently, by order dated September 28, 1995, the court granted the writ of prohibition based upon its finding that the Board had exceeded its legitimate powers and jurisdiction as conferred by W. Va.Code §§ 21-11-1 et seq. The court also granted the appellees' request for reasonable attorney fees and costs. It is from the September 28, 1995, order of the Circuit Court of Kanawha County that appellants now appeal.

II. STANDARD OF REVIEW
We have previously held that "[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." Syl. pt. 1, Staten v. Dean, 195 W.Va. 57, 464 S.E.2d 576 (1995). In light of the fact that mandamus and prohibition are similar extraordinary remedies, we hold today that the standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is de novo.
Moreover, we are asked to determine whether magistrate court is a court of record as contemplated by W. Va.Code § 21-11-14(h) (1991) (1996 Repl.Vol.). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. pt. 1, Chrystal R.M. v. Charlie A.L., 194 W.Va. 138, 459 S.E.2d 415 (1995).
Finally, we consider the appropriate standard of review for the award of attorney fees by a circuit court incident to granting a writ of prohibition. Although we have never set forth such a standard, we have indicated that an award of attorney fees in an action for the extraordinary remedy of mandamus is reviewed under an abuse of discretion standard. See State ex rel. Board of Education v. McCuskey, 184 W.Va. 615, 617, 403 S.E.2d 17, 19 (1991) (per curiam) (finding circuit court clearly abused its discretion in reducing attorney fees).
Moreover, we have applied an abuse of discretion standard when reviewing awards of attorney fees in other contexts. See Hopkins v. Yarbrough, 168 W.Va. 480, 489, 284 S.E.2d 907, 912 (1981) (applying abuse of discretion standard for review of attorney fees in action for delinquent child support *786 payments). Cf. Brown v. Thompson, 192 W.Va. 412, 415 n. 1, 452 S.E.2d 728, 731 n. 1 (1994) (Cleckley, J., concurring) (applying abuse of discretion standard in reviewing reasonableness of amount of statutorily permitted attorney's fees in civil rights action); Judy v. White, 188 W.Va. 633, 425 S.E.2d 588 (1992) (applying abuse of discretion standard when reviewing amount of statutorily-mandated attorney's fees in context of appointed criminal counsel). We therefore hold that an award of attorney fees in an action seeking a writ of prohibition is reviewable under an abuse of discretion standard.

III. DISCIPLINARY ACTION
W. Va.Code § 21-11-14(h) (1991) (1996 Repl.Vol.) provides:
In all disciplinary hearings the board has the burden of proof as to all matters in contention. No disciplinary action shall be taken by the board except on the affirmative vote of at least six members thereof. Except for violations of section thirteen [§ 21-11-13] of this article, no disciplinary action shall be taken by the board for any such cause as is set out herein unless the licensee has been finally adjudicated as having perpetrated such act in a court of record. Other than as specifically set out herein, the board shall have no power or authority to impose or assess damages.
(Emphasis added).[8]
The above quoted section clearly establishes that final adjudication in a court of record is a prerequisite to disciplinary action by the Board. We are asked to determine whether a magistrate court judgment is a final adjudication by a court of record as contemplated by W. Va.Code § 21-11-14(h). We find that it is not.
As appellant notes, Article 8, Section 10 of the West Virginia Constitution establishes county magistrate courts and grants the legislature the power to establish such courts as courts of record. While this court has never set forth a definition of a court of record, we have held that "[i]t is well-settled that a court of record speaks only through its record and anything not appearing on the record does not exist in law. State ex rel. Browning v. Oakley, [157] W. Va. [136], 199 S.E.2d 752 (1973); syl. pt. 3, Hudgins v. Crowder & Freeman, Inc., 156 W.Va. 111, 191 S.E.2d 443 (1972); syl. pt. 4, State ex rel. Mynes v. Kessel, 152 W.Va. 37, 158 S.E.2d 896 (1968) and cases cited therein." State ex rel. Preissler v. Dostert, 163 W.Va. 719, 727-28, 260 S.E.2d 279, 284 (1979). We believe this holding indicates agreement with the general definition of a court of record as "`[a] court that is required to keep a record of its proceedings, and that may fine or imprison. Such record imports verity and cannot be collaterally impeached.'" Matter of Marriage of Case, 18 Kan.App.2d 457, 460, 856 P.2d 169, 171 (1993) (quoting Black's Law Dictionary 353 (6th ed.1990)).
Prior to 1994, magistrate courts in West Virginia were not required to record their proceedings. W. Va.Code §§ 50-5-1 et seq. Also prior to 1994, this Court recognized that a magistrate court was not a court of record. See Truglio v. Julio, 174 W.Va. 66, 68, 322 S.E.2d 698, 700 (1984) ("Although the magistrate court is not a court of record, its final judgment is binding unless overturned on appeal."); Criss v. Salvation Army Residences, 173 W.Va. 634, 639 n. 9, 319 S.E.2d 403, 408 n. 9 (1984) (noting that magistrate court is not a court of record); State ex rel. O'Neill v. Gay, 169 W.Va. 16, 23, 285 S.E.2d 637, 641 (1981) (same).
However, in 1994, the legislature amended certain provisions of the West Virginia Code pertaining to magistrate courts. West Virginia Code § 50-5-8 was rewritten as part of those amendments. The new version of W. Va.Code § 50-5-8 became effective on June 10, 1994, the day Mr. Akers filed his magistrate court actions against appellees Martin and Workman. Under the new provisions, jury trials in magistrate courts must be electronically recorded, and such recordings must be securely preserved by the magistrate court clerk. W. Va.Code § 50-5-8(e) (1994) (Supp.1996). In addition, the legislature designated, pursuant to its constitutionally granted power, that "[f]or purposes of *787 appeal, when a jury trial is had in magistrate court, the magistrate court shall be a court of limited record."[9]Id.
Appellant argues that the legislative designation of magistrate courts as courts of limited record should be interpreted to include magistrate courts within the meaning of "court of record" as used in W. Va.Code § 21-11-14(h). Therefore, appellant argues, prior adjudication in a magistrate court would fulfill the prerequisite of final adjudication in a court of record, as required by W. Va.Code § 21-11-14(h), and the Board could then take disciplinary action. We do not believe that the legislature intended this result.
We note first that W. Va.Code § 50-5-8(e) (1994) (Supp.1996), the section upon which appellant relies, begins with the phrase "[f]or purposes of appeal." Applying the maxim expressio unius est exclusio alterius, it appears that the legislature did not intend magistrate courts to be courts of limited record for any purpose other than appeal. This view is supported by the fact that the legislature also amended the statutory provisions pertaining to the method to be used by the circuit court in hearing appeals from magistrate court proceedings.[10]
Moreover, "[s]tatutes imposing restrictions on trade or occupation are strictly construed." Syl. pt. 5, West Virginia Bd. of Dental Examiners v. Storch, 146 W.Va. 662, 122 S.E.2d 295 (1961). Strictly construing W. Va.Code § 21-11-14(h), which requires final adjudication by "a court of record," we cannot conclude that the designation of magistrate court as a "court of limited record" for purposes of appeal is sufficient to meet that requirement. Thus, we hold that magistrate court is not a court of record as contemplated by W. Va.Code § 21-11-14(h) (1991) (1996 Repl. Vol).[11] Consequently, having thoroughly reviewed the record and the arguments in this case, we find that the circuit court did not err in granting the writ of prohibition requested by Martin and Workman, and similarly did not err in permanently enjoining the Board from suspending the contractor licenses of these two men.[12]
*788 IV. ATTORNEY FEES
Appellant argues that the circuit court erred in awarding attorney fees and costs to appellees Martin and Workman. Appellant submits that during the proceedings below, appellees never asserted that appellant suspended the licenses of Martin or Workman in the spirit of bad faith, vexation, wantonness, or oppression. Moreover, appellant asserts that the Board acted in good faith.
Generally, "each litigant bears his or her own attorney fees absent express statutory, regulatory, or contractual authority for reimbursement. See Nelson v. West Virginia Public Employees Insurance Board, 171 W.Va. 445, [450], 300 S.E.2d 86, 91 (1982)." Daily Gazette Co., Inc. v. Canady, 175 W.Va. 249, 250, 332 S.E.2d 262, 263 (1985).
Appellees argue that W. Va.Code § 53-1-8 (1933) (1994 Repl.Vol.), which states that a writ of prohibition may be awarded or denied "with or without costs, as the court or judge may determine," provides statutory authority for an award of attorney fees in prohibition actions. However, in Nelson v. West Virginia Public Employees Ins. Bd., this Court, while considering the applicability of attorney fees under W. Va.Code § 53-1-8 in an action for a writ of mandamus, observed our previous holding that "attorney fees are not `costs,' ... and thus attorney fees would not ordinarily be recoverable as such." 171 W.Va. at 451, 300 S.E.2d at 92 (citing State ex rel. Citizens Nat'l Bank v. Graham, 68 W.Va. 1, 69 S.E. 301 (1910)).
In the absence of statutory authority upon which to base an award of attorney fees, the Nelson Court applied the following exception to the general rule, which was subsequently adopted by this Court in the Syllabus of Daily Gazette Co., Inc. v. Canady:
A court may order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law.
175 W.Va. 249, 332 S.E.2d 262 (1985). Accord, Nelson, 171 W.Va. at 451, 300 S.E.2d at 92.[13]
Appellees contend that the Board clearly could not make any good faith argument to support its action of revoking the respective licenses of appellees. We disagree. We believe that the language contained in W. Va. Code § 50-5-8(e), as amended in 1994, in which the legislature designated magistrate court as "a court of limited record," created a legitimate question regarding the Board's jurisdiction to discipline a contractor whose conduct had been litigated in magistrate court.
This case presents our first opportunity to interpret the language of that section. *789 Moreover, our research revealed no other legislation in any state which used the phrase "court of limited record" and, thus, no authority providing guidance toward interpreting that language. We believe it reasonable under the circumstances for the Board to attempt to assert its jurisdiction over appellees in this case. The circuit court failed to explain its reason for awarding attorney fees. We find nothing in the record to indicate that appellants asserted their jurisdiction with vexatious, wanton, or oppressive motives. Consequently, we believe that appellants presented a good faith argument for the extension of existing law, and the circuit court abused its discretion when it granted attorney fees in this case. Appellees similarly requested that this Court grant reasonable attorney fees and costs incurred in defending this appeal. For the reasons just stated, we deny their request.

V. CONCLUSION
Magistrate court is not a court of record as contemplated by West Virginia Code § 21-11-14(h) (1991) (1996 Repl.Vol.). Accordingly, the circuit court did not err in granting the writ of prohibition requested by Martin and Workman, nor in permanently enjoining the Board from suspending the contractor licenses of these two men. However, because appellants presented a good faith argument for the extension of existing law, the circuit court abused its discretion when it granted attorney fees in this case. Consequently, the September 28, 1995, order of the Circuit Court of Kanawha County is affirmed insofar as it granted the writ of prohibition and is reversed insofar as it awarded attorney fees to appellees.
Affirmed in part, and reversed in part.
WORKMAN, Chief Justice, concurring:

(Filed June 23, 1997.)
I reluctantly must agree with the decision reached by the majority only because the law, as presently written, compels such a result. I write separately to emphasize the pressing need for legislative consideration of the issue presented by the facts of this case.
Under existing statutory law, the majority opinion makes clear that the figurative hands of the West Virginia Division of Labor Contractor Licensing Board are tied with regard to taking disciplinary action against a licensee absent a final adjudication in a court of record. See W.Va.Code § 21-11-14(h). In most instances, small claims against inept or dishonest contractors are filed in magistrate court. Since a magistrate court is, by statute, not a court of record, there exists no final adjudication upon whether such a contractor's license can be revoked. The Legislature should seriously consider amending the statutory language to remove this prohibition. Otherwise, the laudable statutory objective of authorizing and in fact, facilitating disciplinary action against contractors who harm this State's citizens will be thwarted in every similar case. Most of West Virginia's contractors are honest and perform skilled work. I hope they and the West Virginia Division of Labor Contractor Licensing Board will consider seeking legislative change to correct this problem.
NOTES
[1] Apparently, Mr. Workman primarily oversaw the construction and acted as the general contractor for the project. Because Mr. Workman had not yet received his contractor's license, Mr. Martin was documented as the general contractor for the project. However, the only work Mr. Martin performed on the house was the installation of the electrical system. Mr. Akers complained that Martin and Workman breached the contract by failing to repair certain structural flaws that were noted at the time of closing on the house.
[2] Mr. Akers submitted to the Board various photographs indicating structural defects in the house; a copy of a letter dated June 7, 1993, and signed by Mr. and Mrs. Akers and Mr. Martin, which stated that Mr. and Mrs. Akers had inspected and accepted the house with certain exceptions that were listed in the letter; and copies of the default judgments Mr. Akers had obtained against appellees in magistrate court.
[3] Workman obtained his license sometime after the Akers construction was completed.
[4] A contractor may be disciplined under W. Va. Code § 21-11-14(g)(11) (1991) (1996 Repl.Vol.) for "[p]erforming work which is not commensurate with a general standard of the specific classification of contractor or which is below a building or construction code adopted by the municipality or county in which the work is performed."
[5] The permanent revocation of all classifications of Mr. Martin's license other than the electrical classification was apparently based upon Mr. Martin's testimony that he was an electrician and only performed electrical work. He explained to the board that he obtained other classifications because of work within other classifications that was necessary to complete the electrical work he performed. During their deliberations, the Board commented that Mr. Martin was not required to be licensed in order to perform work that would normally fall within another classification but that was incidental to performing his electrical work.
[6] A contractor may be disciplined under W. Va. Code § 21-11-14(g)(8) (1991) (1996 Repl.Vol.) for "[w]illfully or deliberately acting in the capacity of a contractor when not licensed, or as a contractor by a person other than the person to whom the license is issued except as an employee of the licensee."
[7] See note 4, supra.
[8] There is no alleged violation of W. Va.Code § 21-11-13 in this case, and thus it is not subject to the exception to the requirement of final adjudication by a court of record.
[9] West Virginia Code § 50-5-8(e) states in full:

(e) For purposes of appeal, when a jury trial is had in magistrate court, the magistrate court shall be a court of limited record. Trials before a magistrate when a jury is empaneled shall be recorded electronically. A magnetic tape or other electronic recording medium on which a trial is recorded shall be indexed and securely preserved by the magistrate court clerk. When requested by either of the parties in a civil action, by the state or the defendant in a criminal proceeding, or by any interested person, the magistrate court clerk shall provide a duplicate copy of the tape or other electronic recording medium of each trial held. For evidentiary purposes, a duplicate of such electronic recording prepared by the magistrate court clerk shall be a "writing" or "recording" as those terms are defined in rule 1001 of the West Virginia rules of evidence, and unless the duplicate is shown not to reflect the contents accurately, it shall be treated as an original in the same manner that data stored in a computer or similar data is regarded as an "original" under such rule. Unless a party requesting the copy has been permitted to proceed in a civil action without prepayment in accordance with the provisions of section one [59-2-1], article two, chapter fifty-nine of this code, or in a criminal proceeding as an indigent, the party shall pay to the magistrate court an amount equal to the actual cost of the tape or other medium or the sum of five dollars, whichever is greater.
[10] Appeal from a magistrate court judgment prior to 1994 resulted in a de novo trial in the circuit court. W. Va.Code § 50-5-12 (1978) (1994 Repl.Vol.). Under the 1994 revisions, appeals from magistrate court jury trials are to be reviewed by the circuit court through a hearing on the record, and appeals from magistrate proceedings tried without a jury are subject to a de novo trial before the circuit court sitting without a jury. W. Va.Code §§ 50-5-12(b) and 13(b) (1994) (Supp.1996).
[11] Because of the conclusion reached in this case, we need not address the issue of whether a default judgment is a final adjudication for W. Va.Code § 21-11-14(h) purposes.
[12] While we find that magistrate court is not a court of record for purposes of W. Va.Code § 21-11-14(h) (1991) (1996 Repl.Vol.), we do not consider the wisdom of such a limitation upon the Board's ability to take disciplinary action. The legislature possesses the power to make the laws of this state, and it is this Court's duty to interpret such laws. We have stated repeatedly:

"It is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten, or given a construction of which its words are not susceptible, or which is repugnant to its terms which may not be disregarded." [State v.] General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, a Corporation, 144 W.Va. [137], 145, 107 S.E.2d [353], 358 [(1959)] (citation omitted). See also syl. pt. 1, Consumer Advocate Division of the Public Service Commission v. Public Service Commission, 182 W.Va. 152, 386 S.E.2d 650 (1989).
State ex rel. Goff v. Merrifield, 191 W.Va. 473, 480, 446 S.E.2d 695, 702 (1994). See also Sowa v. Huffman, 191 W.Va. 105, 111, 443 S.E.2d 262, 268 (1994).
We recognize that the new magistrate court provisions, contained in W. Va.Code § 50-5-8, resulted in an apparent loophole in the Board's authority under W. Va.Code § 21-11-14(h). Currently, the Board may not take disciplinary action against a contractor whose conduct was adjudicated in a magistrate court proceeding that was recorded, simply because the proceeding took place in a court designated as a court of limited record rather than a court of record. We believe the legislature is the proper forum to address this issue.
[13] After applying this exception, the Nelson Court held that "[i]n mandamus proceedings where a public officer willfully fails to obey the law, attorney fees will be awarded." Syl. pt. 4, Id. This holding was subsequently followed in State ex rel. McGraw v. Zakaib, 192 W.Va. 195, 451 S.E.2d 761 (1994). The Zakaib court, in denying attorney fees based upon its conclusion that the public officer did not willfully fail to obey the law, commented that "Nelson's requirement of a public official's willful failure is based on a long common law tradition of protecting a public servant who acts in good faith even though those acts are later found to be in error." Id. at 198, 451 S.E.2d at 764.