# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Z.N.,**
**Respondent Below, Petitioner**

**vs.) No. 13-0259 (Raleigh County 12-C-201-H)**

**T.L., Petitioner Below, and**
**B.L., Intervenor Below,**
**Respondents**

**FILED**

**March 12, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

This case stems from a controversy over the paternity of a minor child. The petitioner herein and respondent below, Z.N.[1] (the "asserted father"), appeals the Circuit Court of Raleigh County's order entered February 12, 2013. By that order, the circuit court granted the petition for writ of prohibition and mandamus filed by the respondent herein and petitioner below, T.L. (the "mother"), and by the respondent herein and intervenor below, B.L., who is the mother's husband (the "intervenor husband"). The effect of the circuit court's order was to prohibit the psychological evaluation of the minor child that had been ordered by the family court and to dismiss the family court matter that had been filed by the asserted father in an attempt to establish paternity to the minor child. On appeal to this Court, the asserted father argues that the circuit court erred and that the family court matter should be reinstated. Based on the parties' arguments,[2] the record designated for our consideration, and the pertinent authorities, we affirm the rulings made by the circuit court.

The action before this Court was timely perfected, and the appendix record accompanied the petition. The mother, through counsel, filed a response to the petition for

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. W. Va. Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]The guardian *ad litem* for the minor child filed a written response brief before this Court, which supported the circuit court's order and joined the positions set forth in the mother's and the intervenor husband's briefs. The guardian, however, was excused from oral argument by order of this Court entered, in vacation, on December 30, 2013.

appeal, and the intervenor husband filed a like response. Based upon the parties' written submissions and oral arguments, the portions of the record designated for our consideration, and the pertinent authorities, we find that the circuit court was correct in its determination that the family court exceeded its legitimate jurisdictional powers in ordering the psychological evaluation of the child. Accordingly, we affirm the underlying decision to issue the writ of prohibition to prevent the minor child's evaluation, and to issue the writ of mandamus to dismiss the underlying action from the family court docket. This Court further finds that this case presents no new or significant questions of law and, thus, will be disposed of through a memorandum decision as contemplated by Rule 21 of the Revised Rules of Appellate Procedure.

This action commenced on March 31, 2010, when Z.N., the asserted father, filed a petition to establish paternity in the Family Court of Raleigh County. In his petition, the asserted father alleged that he and the mother engaged in a sexual relationship in January 2007 despite the fact that the mother was married to B.L., the intervenor husband, during that time.[3] According to the petition, T.L. was married, but separated, from her husband. Z.N. contended that a child resulted from his relationship with T.L., and that the child was born in October 2007. Z.N. alleged that T.L. acknowledged that he was the child's father, and that he, the mother, and the child lived together for a period of time after the child's birth. Z.N. stated that he performed significant caretaking duties for the minor child. Before the family court, the asserted father sought genetic testing to determine the minor child's paternity, and, further, he requested establishment of a custody and child support order.

In April 2010, the mother moved to dismiss the paternity petition, based on the failure to join her husband, B.L., and because the relief sought by the asserted father would delegitimize the minor child's birth. The mother also requested that her husband, B.L., be joined as a party based upon the legal presumption of paternity. In her answer, the mother acknowledged her sexual relationship with the asserted father but denied knowledge of whether he was the child's father. On June 1, 2010, the family court ordered genetic testing, which results were filed with the lower court and sealed by the circuit court.

Thereafter, on November 3, 2010, B.L. moved to intervene in the family court action, asserting that he was married to the mother and that he was actively involved as a parent to the minor child. The motion was granted. On March 23, 2011, the intervenor husband moved to dismiss the action, contending that the asserted father does not have standing to bring a paternity action. The family court denied the mother's and the intervenor

---

[3]T.L. and B.L. remained married during the controversy in question. To date, their marriage continues.

2

husband's motions to dismiss. On June 2, 2011, the asserted father filed an amended petition, alleging that he had a parental relationship with the child and that he had acquired a liberty interest in formalizing paternity. The asserted father also alleged that the child would not be harmed by the establishment of paternity and that it would promote the child's best interests. Both the mother and the intervenor husband requested that the petition be denied.

Several requests were made for the appointment of a guardian *ad litem* for the child. However, it was not until March 29, 2011, when the family court finally appointed a guardian *ad litem* to protect the interests of the minor child. The guardian spoke to all involved parties and filed a report with the court. He noted that the asserted father had been in the delivery room when the child was born and that he and the mother had had an ongoing relationship until February 2009. However, the mother testified that the relationship was often contentious, and that the asserted father kicked her and the child out of the home on several occasions. The mother also disputes the length of time that she and the asserted father lived together.

A hearing to determine the asserted father's standing was held on January 17, 2012, wherein the family court determined that it needed additional evidence relating to the psychological effect on the child of granting the paternity petition and, thus, ordered that the child undergo a psychological evaluation. On March 6, 2012, the mother filed a motion to stay, along with a petition for writ of prohibition and mandamus to the circuit court, seeking a dismissal of the asserted father's petition.

On February 12, 2013, the circuit court entered an order granting the petition for writ of prohibition and mandamus and ordering the dismissal of the family court matter. The circuit court found that the family court had abandoned its role as neutral arbiter and had acted as an advocate on behalf of the asserted father. The circuit court based its reasoning on the family court's expressed reservations regarding the depth of the record at the close of the asserted father's case in chief. The circuit court found that the family court failed to properly appoint a guardian *ad litem* to represent the interests of the minor child upon ordering the genetic testing. Further, the circuit court found that the asserted father failed to prove each element required for standing in such a paternity action and ordered the results of the genetic testing be sealed.

In this case, the circuit court determined that the family court judge "exceeded her jurisdictional authority, and the Petition for a Writ of Prohibition should be granted, barring . . . the psychological evaluation of the child[.]" Further, the circuit court found "that the Petition for Writ of Mandamus should likewise be granted, requiring [the family court judge] to grant the motions to dismiss[.]" Our review of a circuit court's decision to issue a

3

writ of prohibition and a writ of mandamus is *de novo*. *See* Syl. pt. 1, *Martin v. West Virginia Div. of Labor Contractor Licensing Bd.*, 199 W. Va. 613, 486 S.E.2d 782 (1997) ("The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*."). *See also* Syl. pt. 1, *Harrison Cnty. Comm'n v. Harrison Cnty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008) ("A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus."). With this *de novo* standard in mind, we proceed to consider the substantive issues raised by the parties.

On appeal to this Court, the asserted father sets forth one assignment of error: he contends that the family court was within its legitimate authority to order that the minor child undergo a psychological evaluation to determine the child's best interest in regards to paternity issues. Thus, the asserted father argues that the circuit court erred when it issued the writs of prohibition and mandamus against the family court. Conversely, the mother and intervenor husband contend that the asserted father failed to establish standing to maintain the paternity action. Therefore, the mother and intervenor husband urge this Court to find that the circuit court was correct in its issuance of the extraordinary writs.

The circuit court focused on whether the asserted father had standing[4] to file a paternity action.[5] In that regard, this Court previously has instructed as follows:

> A putative biological father must prove by clear and convincing evidence the following factors before he will have standing to raise the issue of paternity of a child born to a married woman who is not his wife: (1) that he has developed a parent-child relationship with the child in question, and (2) that

---

[4]The asserted father concedes that W. Va. Code § 48-24-101 (2002) (Repl. Vol. 2009) does not provide legal standing for his paternity claim. Thus, his argument in support of his standing to file a paternity action rests with the case of *State ex rel. Roy Allen S. v. Stone*, 196 W. Va. 624, 474 S.E.2d 554 (1996), wherein this Court found that a putative father could, by developing a substantial relationship with the child born to a married woman who is not the putative father's wife, develop a liberty interest in maintaining and formalizing that relationship.

[5]While the circuit court's legal analysis focused on the issue of standing, we note the circuit court's recognition that "[t]here is no dispute in this case that the Family Court failed to properly appoint a Guardian *ad litem* to represent the interests of the minor child[.]" *See* Syl. pt. 4, *Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 387 S.E.2d 866 (1989). *See also* Syl. pt. 7, in part, *State ex rel. Roy Allen S. v. Stone*, 196 W. Va. 624, 474 S.E.2d 554 (1996) ("When a putative biological father raises a paternity claim, the child must be joined and a guardian ad litem appointed. . . .").

4

the child will not be harmed by allowing the paternity action to proceed.

Syl. pt. 6, *State ex rel. Roy Allen S. v. Stone*, 196 W. Va. 624, 474 S.E.2d 554 (1996). Because the circuit court determined that the asserted father did not meet the second element requiring him to prove that the child would not be harmed by allowing the continuance of the paternity action, the circuit court did not address the first element regarding the existence of a substantial relationship.[6]

Factually, during the evidentiary hearing before the family court, after the asserted father rested his case, the family court judge expressed concern regarding the inadequate proof of one of the *Stone* factors: specifically, whether the child would be harmed by allowing the paternity action to continue. The family court judge ordered a psychological evaluation of the minor child. Thereafter, the circuit court reviewed the record in its consideration of the extraordinary relief requested by the mother and the intervenor husband. In its order, the circuit court stated that,

> it is clear to this Court that [the family court judge] found that the [asserted father] had failed to prove by clear and convincing evidence each element required to establish standing pursuant to the *Stone* case, based upon her statements on the record that she

---

[6]We feel inclined, however, to point out that the evidence was conflicting regarding the asserted father's relationship with the minor child. The asserted father claimed that he was in the delivery room when the child was born and that the child lived in his home with the mother for a period of time. Conversely, the mother states that the asserted father's relationship with the child was sporadic at best and lacked the full commitment required by *Stone*. *See* Syl. pt. 3, in part, *Stone*, 196 W. Va. 624, 474 S.E.2d 554 ("In the absence of special circumstances which would justify an exception, a petition by a putative biological father seeking to establish his paternity over a child who was born while the mother was married to another man may not proceed unless the putative father clearly and convincingly proves as a threshold matter that he has established a substantial paternal relationship with the child. . . ."). *See also* Syl. pt. 6, *State ex rel. Jeanne U. v. Canady,* 210 W. Va. 88, 554 S.E.2d 12 (2001) ("The 'substantial relationship' inquiry serves a dual role in evaluating issues of paternity and appropriate visitation rights. It serves a gatekeeping role in determinations regarding a putative father's standing to raise the issue of paternity and must be proven as a prerequisite to permitting the action by the putative father, as explained in *State ex rel. Roy Allen S. v. Stone*, 196 W. Va. 624, 474 S.E.2d 554 (1996). Additionally, the existence of such a relationship serves as an issue to be examined with regard to the best interests of the child. In such best interest analysis, the existence of a substantial relationship would be one of many factors to be evaluated, significant but not dispositive.").

5

required additional evidence regarding harm to the child before she could issue a ruling.

Essentially, the circuit court found that the family court judge "order[ed] an examination of the child in order to produce more evidence on an essential element of [the asserted father's] case after he had rested."

Procedurally, if standing is found under the *Stone* rule, then a preliminary determination must be made regarding whether paternity testing should be conducted, with the best interests of the child to be the preeminent deciding factor. *See* Syl. pt. 7, *Stone*, 196 W. Va. 624, 474 S.E.2d 554 ("The circuit court should conduct a preliminary hearing to determine whether the requisite preconditions are present. In addition, the preeminent factor in deciding whether to grant or deny blood testing is the child's best interests. The analysis of each factual situation is necessarily a discretionary decision for the circuit court, and the finding by the circuit court will not be reversed absent an abuse of discretion."). The *Stone* Court further stated that "even if [a putative father] proves paternity, he is still not necessarily entitled to intrude further into the marital family (if it has survived) or into existing child-parent relationships." *Id.* at 565-66. Moreover, this Court has noted that the proper inquiry is what is in the child's best interests, not the biological father's best interests. *See generally State ex rel. Jeanne U. v. Canady*, 210 W. Va. 88, 554 S.E.2d 12 (2001).

Here, the intervenor husband is the presumed father of the minor child because he was married to the mother at the time of the child's birth. At the point that the asserted father moved the family court to establish paternity, he did not meet the requirements to establish standing. Thus, the threshold for ordering genetic testing was never met. Because the asserted father failed to show that the child would not be harmed by the paternity action, the circuit court's issuance of the writ of prohibition to prevent the psychological evaluation of the minor child was proper. Also, because the family court judge "agreed that [the asserted father] failed to prove by clear and convincing evidence each element required to establish standing . . . [the family court judge] had a clear legal duty to dismiss the case[.]" Accordingly, the circuit court's order entered February 12, 2013, is hereby affirmed.

Affirmed.

**ISSUED:     March 12, 2014**

**CONCURRED IN BY:**
**Chief Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry, II**