**FILED**

**June 13, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Brian Ettinger,**
**Plaintiff Below, Petitioner**

**vs.)  No. 22-0431** (Kanawha County No. 22-P-40)

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Ettinger (hereinafter "Mr. Ettinger") appeals the May 4, 2022, order of the Circuit Court of Kanawha County denying his motion for attorney's fees and costs. Respondent Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles (hereinafter "DMV"), responded in support of the circuit court's order.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Mr. Ettinger was arrested in Berkeley County, West Virginia, on June 6, 2021, and charged with multiple offenses, including driving under the influence of alcohol ("DUI"). At a preliminary hearing in magistrate court on September 8, 2021, Mr. Ettinger and the State submitted a joint motion to continue and place the matter on a "STET"[2] docket for six months. The motion stated "Def. has completed alcohol counseling/treatment. Will now complete interlock and com. svc. for dismissal." The motion was granted. On that same day, the magistrate court entered a form community service order, which was modified to indicate, "entered stet diversion w/ state" and "as condition of stet." The following language was crossed out of the form order: "was found guilty or pled no contest to the following charges." Language related to an alternative sentence remained.

---

[1] Petitioner appears by counsel Bradley J. Wright. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich.

[2] In its April 5, 2022, order granting Mr. Ettinger's writ of prohibition, the circuit court explained that "STET" is a term primarily used in Maryland and is defined as "[a]n order staying legal proceedings, as when a prosecutor determines not to proceed on an indictment and places the case on a stet docket." *STET*, *Black's Law Dictionary* (7th Edition 1999)

1

The DMV contends that it received the September 8, 2021, motion for continuance granted by the magistrate court. It also states that on December 9, 2021, the Unified Judicial Application ("UJA") showed the disposition for the DUI matter as "Proceedings deferred 09/08/2021." The UJA also indicated "Disposition Text: 6 month STET[.]" On December 29, 2021, the DMV entered an order revoking Mr. Ettinger's West Virginia driver's license as of February 2, 2022, "because [he was] convicted of driving a motor vehicle on June 6, 2021" ("order of revocation"). Mr. Ettinger's counsel notified respondent that this was inaccurate, but the DMV did not withdraw or correct the order of revocation. On January 21, 2022, the criminal charges pending in magistrate court were dismissed based on the State's further investigation demonstrating "insufficient evidence to support continued prosecution."

On February 2, 2022, Mr. Ettinger filed a "Verified Petition for Writ of Prohibition, Declaratory Judgment, and Injunctive Relief" in the Circuit Court of Kanawha County seeking to prohibit the revocation of his driver's license by the DMV, and, on February 11, 2022, the circuit court entered a temporary restraining order enjoining the DMV from enforcing the order of revocation. The DMV filed a motion to dismiss for lack of jurisdiction. At a March 23, 2022, hearing, the motion to dismiss was withdrawn, and, instead, the DMV requested that it be allowed to respond to the verified petition on the merits, in lieu of filing a written answer. Mr. Ettinger agreed, and the circuit court proceeded in the manner that the parties requested. The DMV called its General Counsel to testify regarding the merits of the underlying petition. He testified that the various courts do not send a standard form or document to the DMV based on the criminal DUI process. As such, he testified the DMV must review all documents, which lack uniformity, and apply all applicable traffic statutes to interpret those documents in order to fulfill its administrative duties. He asserted that the documents received in this case were appropriately interpreted to be a deferral under West Virginia Code § 17C-5-2b (2020) ("DUI deferral statute"), thus requiring revocation.

On April 5, 2022, the circuit court entered an order granting the requested writ of prohibition.[3] Applying Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996), and considering each of the relevant factors, the circuit court concluded that the DMV exceeded its legitimate powers in revoking Mr. Ettinger's driver's license. The circuit court order also awarded Mr. Ettinger unspecified attorney's fees and costs, to be later determined upon consideration of the factors set out in *Aetna Casualty & Surety Co. v. Pitrolo*, 176 W. Va. 190, 195-96, 342 S.E.2d 156, 161-62 (1986). Mr. Ettinger filed his motion in support of the attorney's fees and costs, and the DMV filed an objection opposing the motion and fee award, arguing that attorney's fees and costs are generally not recoverable against the State absent a statute or court rule providing for the same and are generally not awarded against public officials who are acting in good faith to carry out their duties, citing *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 450, 300 S.E.2d 86, 91 (1982), and *Daily Gazette Co., Inc. v. Canady*, 175 W. Va. 249, 250, 332 S.E.2d 262, 263 (1985).

---

[3] Respondent filed an appeal of the April 5, 2022, order with this Court in *Everett Frazier, Commissioner, West Virginia Division of Motor Vehicles v. Brian Ettinger*, Docket No. 22-0352. A more detailed discussion of the merits of the writ of prohibition order is found in this Court's decision in that appeal.

On May 4, 2022, the circuit court entered an order denying Mr. Ettinger's motion for attorney's fees and costs, concluding that *Nelson* and *Daily Gazette Co., Inc.*, not *Aetna Casualty & Surety Co.*, provided the appropriate guidance for an award of attorney's fees and costs. It stated that, pursuant to those cases, and in the absence of statutory authority, attorney's fees and costs may only be awarded against the DMV Commissioner as a result of "vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law" and that the April 5, 2022, order made no such findings. It held that the record was clear that the DMV believed the documents from the magistrate court indicated a criminal disposition and that it believed it acted within its statutory authority in revoking Mr. Ettinger's driver's license.

Mr. Ettinger appeals the May 4, 2022, order, asserting that the circuit court erred in reversing the initial order granting attorney's fees and costs and, specifically, that it erred in finding that the DMV did not act in a vexatious, wanton, or oppressive manner when it attempted to revoke Mr. Ettinger's license on the basis of a conviction that did not occur, while the criminal case was pending. He contends that the order of revocation constitutes harassment, not merely "inartful drafting," and so was wanton and vexatious. Further, Mr. Ettinger contends that both the content of the DMV's motion to dismiss for lack of jurisdiction and the withdrawal of the motion on the day of the scheduled hearing demonstrate further vexatious and wanton behavior by it, warranting attorney's fees. We review the circuit court's decision for an abuse of discretion. *See* Syl. Pt. 3, *Martin v. W. Va. Div. of Lab. Contractor Licensing Bd.*, 199 W. Va. 613, 614, 486 S.E.2d 782, 783 (1997) ("An award of attorney fees in an action seeking a writ of prohibition is reviewable under an abuse of discretion standard.").

Upon review of the facts and arguments, we find no abuse of discretion in the circuit court's ultimate denial of Mr. Ettinger's request for attorney's fees and costs in this matter. The award of costs is discretionary under West Virginia Code § 53-1-8; however, attorney's fees are not included in these costs. *Nelson*, 171 W. Va. at 450-51, 300 S.E.2d at 91-92. In *Martin*, this Court discussed the award of attorney's fees in a writ of prohibition and held:

> "A court may order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law." Syllabus, *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 332 S.E.2d 262 (1985).

*Martin,* 199 W. Va. at 614, 486 S.E.2d at 783, Syl. Pt. 7; *see also Nelson*, 171 W. Va. at 451, 300 S.E.2d at 92 (discussing general rule that attorney fees are not awarded in absence of statutory authority and explaining and applying exception to that rule for losing parties who have "acted in bad faith, vexatiously, wantonly or for oppressive reasons" in mandamus proceeding).

In this case, the circuit court considered the testimony of DMV's General Counsel at the March 23, 2022, hearing and concluded that the DMV believed that the documents from the magistrate court indicated that a revocation of Mr. Ettinger's license was within its statutory authority. The circuit court also noted a lack of required findings to support an award of attorney's

fees in its April 5, 2022, order. Denying an award of attorney's fees and costs based on these considerations was not an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's May 4, 2022, order.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn