IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

JANUARY 2019 TERM

_____

No. 17-0992
_____

**FILED**

**March 26, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JAMES W. YOUNG, JR.,
Petitioner

V.

STATE OF WEST VIRGINIA AND DEBRA DITTO,
MAGISTRATE OF MORGAN COUNTY,
Respondents

_____

Appeal from the Circuit Court of Morgan County
Honorable Laura Faircloth, Judge
Civil Action No. 33-2017-P-29

AFFIRMED
_____

Submitted:  March 6, 2019
Filed:  March 26, 2019

Dylan K. Batten, Esq.                    Patrick Morrisey, Esq.
Stedman & Ridell                          Attorney General
Martinsburg, West Virginia                Zachary Viglianco, Esq.
Attorney for Petitioner                   Assistant Attorney General
                                          Attorneys for the State of West Virginia

Courtney S. Moore, Esq.
Office of the Prosecuting Attorney of
Morgan County, West Virginia
Berkeley Springs, West Virginia
Attorney for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.    "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syllabus point 8, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953).

2.    "When two statutes relate to the same general subject, and the two statutes are not in conflict, they are to be read *In pari materia*." Syllabus point 2, *Tug Valley Recovery Center., Inc. v. Mingo County Commission*, 164 W. Va. 94, 261 S.E.2d 165 (1979).

3.    "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syllabus point 1, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984).

4.    A person charged with the crime of driving under the influence (DUI), pursuant to Chapter 17C, Article 5 of the West Virginia Code, may only seek deferred adjudication as permitted by W.Va. Code § 17C-5-2b (2016). The deferred

i

adjudication allowed under W. Va. Code § 61-11-22a (2016) is not available to a person charged with a DUI offense.

**Hutchison, Justice**:

This appeal was brought by the Petitioner, James W. Young, Jr., from the October 10, 2017, order of the Circuit Court of Morgan County that granted relief to the State in a writ of prohibition proceeding. The circuit court's order prohibited enforcement of an order by a Morgan County magistrate that granted deferred adjudication to the Petitioner, in a criminal prosecution for driving under the influence (DUI) second offense.[1] In this appeal, the Petitioner alleges the circuit court applied the wrong statute in order to grant relief to the State. Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

In the afternoon of April 27, 2017, the Petitioner was involved in a single-vehicle accident in Morgan County, West Virginia. A deputy sheriff responded to the scene of the accident. The deputy found the Petitioner's vehicle off the road and stuck in vegetation. After speaking with the Petitioner, the deputy had reason to believe the Petitioner drove the vehicle while impaired. The deputy attempted to administer three field sobriety tests to the Petitioner. However, the Petitioner refused to take two of the tests,

---

[1]The magistrate was nominally named as a Respondent in this matter along with the State.

walk and turn and one-legged stand, because of an alleged physical disability.[2]  The deputy

determined, based upon the totality of the circumstances, to arrest the Petitioner for second

offense DUI.[3]

After the Petitioner's arrest, a criminal complaint was filed against him in the

Magistrate Court of Morgan County.  The Petitioner was provided with court-appointed

counsel.  At a pretrial hearing on June 22, 2017, the Petitioner made an oral motion for

deferred adjudication under W. Va. Code § 61-11-22a (2016).  The State opposed the

motion on the grounds that W. Va. Code § 61-11-22a was not applicable to DUI offenses,

and that Chapter 17C of the West Virginia Code did not permit deferred adjudication for a

second or subsequent DUI offense.  The magistrate granted Petitioner's motion and set the

case for a final hearing on June 22, 2017.  At the final hearing, the magistrate accepted a

deferred adjudication agreement drafted by Petitioner, which the State opposed.  Under the

agreement, the Petitioner was placed on unsupervised probation for two years and was

required to forfeit his driver's license.[4]  The agreement also stated that if the Petitioner

completed probation successfully, he would be convicted of first offense DUI.  If the

---

[2]The deputy was able to administer the horizontal gaze nystagmus test to the Petitioner.  The record does not indicate whether the Petitioner failed or passed this test.

[3]The Petitioner was also charged with possession of a controlled substance. This charge was later dropped when the Petitioner produced a valid prescription for the drugs he possessed.

[4]Other conditions were imposed.

Petitioner did not successfully complete probation, the agreement stated that a conviction for second offense DUI would be imposed.

On July 20, 2017, the State filed a petition for a writ of prohibition with the circuit court. The State asked the circuit court to prohibit enforcement of the magistrate's order granting the Petitioner deferred adjudication. The circuit court found that the State was entitled to the writ after concluding "that W. Va. Code §§ 17C-5-2(r) and 17C-5-2b do not permit suspension of a sentence for the offense of DUI or participation in the Deferral program by defendants charged with second offense DUI." The Petitioner filed this appeal challenging the circuit court's decision.

## II.

### STANDARD OF REVIEW

In this case the Petitioner challenges the circuit court's order granting extraordinary relief by way of a writ of prohibition. We have held that the "[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of prohibition is *de novo*." Syl. pt. 1, *Martin v. West Virginia Division of Labor Contractor Licensing Board*, 199 W. Va. 613, 486 S.E.2d 782 (1997). This appeal also involves the interpretation of statutes. In this regard, we have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194

3

W. Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we proceed to determine whether the circuit court committed error in granting the writ of prohibition.

## III.

## DISCUSSION

The Petitioner contends that the circuit court misconstrued the law when it held that deferred adjudication under W. Va. Code § 61-11-22a was not applicable to a second offense DUI. The State argues that the circuit court was correct in concluding that W. Va. Code § 17C-5-2(r) (2016) and W. Va. Code § 17C-5-2b (2016) do not permit a person charged with a second offense DUI to enter a deferred adjudication agreement.

The issues raised by the parties require a review of statutes. "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syl. pt. 8, *Vest v. Cobb*, 138 W.Va. 660, 76 S.E.2d 885 (1953). We have long recognized that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). In this case we are confronted with different statutes that address the same issue, deferred adjudication. We have held that "[w]hen two statutes relate to the same general subject,

4

and the two statutes are not in conflict, they are to be read *In pari materia*." Syl. pt. 2, *Tug Valley Recovery Ctr., Inc. v. Mingo Cty. Comm'n*, 164 W. Va. 94, 261 S.E.2d 165 (1979). *See* Syl. pt. 3, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments."); Syl. pt. 3, *State ex rel. Graney v. Sims*, 144 W. Va. 72, 105 S.E.2d 886 (1958) ("Statutes *in pari materia* must be construed together and the legislative intention, as gathered from the whole of the enactments, must be given effect."). Even "where two statutes are in apparent conflict, the Court must, if reasonably possible, construe such statutes so as to give effect to each." Syl. pt. 4, in part, *Graney*. On the other hand, "when it is not reasonably possible to give effect to both statutes, the more specific statute will prevail." *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 670, 815 S.E.2d 474, 481 (2018). In this regard, we have held that "[t]he general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. pt.1, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984). *See Wells v. State ex rel. Miller*, 237 W. Va. 731, 752, 791 S.E.2d 361, 382 (2016) ("This Court has long recognized that when both a general and a specific statute apply to a given set of facts, our well-established rules of statutory construction instruct that the specific statute governs."); *In re Chevie V.*, 226 W. Va. 363, 371, 700 S.E.2d 815, 823 (2010) ("As a rule, when both a specific and a general statute apply to a given case, the specific statute governs."); *Newark*

5

*Ins. Co. v. Brown*, 218 W. Va. 346, 351, 624 S.E.2d 783, 788 (2005) ("When faced with a choice between two statutes, one of which is couched in general terms and the other of which specifically speaks to the matter at hand, preference is generally accorded to the specific statute.").

In the instant case, the relevant text of W.Va. Code § 17C-5-2b provides the following:

> (a) Except as provided in subsection (g) of this section, whenever any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to driving under the influence of alcohol, any controlled substance or any other drug:

>> (1) Notifies the court within thirty days of his or her arrest of his or her intention to participate in a deferral pursuant to this section; and

>> (2) Pleads guilty to or is found guilty of driving under the influence of alcohol under subsection (e), section two of this article, the court, without entering a judgment of guilt and with the consent of the accused, shall defer further proceedings and, notwithstanding any provisions of this code to the contrary, place him or her on probation. . . .

>> . . . .

> (g) No person shall be eligible for dismissal and discharge under this section: (1) In any prosecution in which any violation of any other provision of this article has been charged; (2) if the person holds a commercial driver's license or operates commercial motor vehicle(s); (3) if the person has previously had his or her driver's license revoked under section two-a of this article or under any statute of the United States or of any state relating to driving under the influence of alcohol,

6

any controlled substance or any other drug; or (4) if the person refused the secondary chemical test pursuant to section seven of this article.

The relevant text of W. Va. Code § 61-11-22a provides the following:

> (a) Upon the entry of a guilty plea to a felony or misdemeanor before a circuit or magistrate court of this state entered in compliance with the provisions of West Virginia Rule of Criminal Procedure 11 or Rule 10 of the West Virginia Rules of Criminal Procedure for Magistrate Courts and applicable judicial decisions, the court may, upon motion, defer acceptance of the guilty plea and defer further adjudication thereon and release the defendant upon such terms and conditions as the court deems just and necessary. Terms and conditions may include, but are not limited to, periods of incarceration, drug and alcohol treatment, counseling and participation in programs offered under articles eleven-a, eleven-b and eleven-c, chapter sixty-two of this code.

It is clear that the text of W. Va. Code § 17C-5-2b specifically addresses the subject matter at issue in this case-deferred adjudication for a DUI offense. Pursuant to W. Va. Code § 17C-5-2b(a) a person charged with first offense DUI may be considered for deferred adjudication. However, W. Va. Code § 17C-5-2b(g) provides four alternative reasons that prevent a person from participating in a deferred adjudication program. One of those grounds includes being charged with a second or subsequent DUI offense. In contrast, W. Va. Code § 61-11-22a addresses deferred adjudication generally for all felonies and misdemeanors. Under W. Va. Code § 61-11-22a(a) a person entering a guilty plea to any felony or misdemeanor may be considered for deferred adjudication. It is clear that the two statutes are in conflict. Application of W. Va. Code § 61-11-22a(a) to DUI offenses would nullify the specific prohibitions on second and subsequent DUI offenses under W. Va. Code § 17C-5-2b(g). *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,

7

152 F. Supp. 3d 503, 524 (E.D. Va. 2015) ("A specific statute will not be controlled or nullified by a general one[.]") (internal quotations and citations omitted).

In view of the foregoing, we hold that a person charged with the crime of driving under the influence (DUI), pursuant to Chapter 17C, Article 5 of the West Virginia Code, may only seek deferred adjudication as permitted by W. Va. Code § 17C-5-2b (2016). The deferred adjudication allowed under W. Va. Code § 61-11-22a (2016) is not available to a person charged with a DUI offense. Applying our holding to the instant case, it is quite obvious that the specific prohibition for deferred adjudication on second or subsequent DUI offenders, under W. Va. Code § 17C-5-2b(g), applies to the facts of this case. The parties do not dispute that the Petitioner was previously convicted of DUI and that this is his second DUI offense. Consequently, the circuit court did not err in granting relief to the State.[5]

The Petitioner contends that we should not find W. Va. Code § 61-11-22a and W. Va. Code § 17C-5-2b are in conflict. According to the Petitioner, the two statutes do not conflict because W. Va. Code § 17C-5-2b only precludes deferred adjudication for second offense DUI under that statute—not any other statute. To support this argument,

---

[5]The circuit court also relied upon W. Va. Code § 17C-5-2(r). This statute provides that DUI sentences are mandatory except for certain circumstances outlined in that section. We need not rely on this provision in resolving the conflict between W. Va. Code § 17C-5-2b and W. Va. Code § 61-11-22a.

8

the Petitioner cites to W. Va. Code § 61-11-22 (2010). Under this statute, a prosecutor is given discretion to enter a deferred adjudication agreement with a person under investigation or charged with an offense.[6] Under the statute persons charged with certain types of offenses are precluded from the deferral program. The statute expressly prevents persons charged with DUI offenses under W. Va. Code § 17C-5-2 from participating in its deferral program. The Petitioner argues that the express exclusion of DUI offenders under W. Va. Code § 61-11-22, supports his contention that W. Va. Code § 61-11-22a is not in conflict with W. Va. Code § 17C-5-2b.[7] This argument has no merit and fails to understand that applying W. Va. Code § 61-11-22a to DUI offenses makes W. Va. Code § 17C-5-2b redundant and irrelevant.[8] *See* Syl. pt. 4, *State ex rel. Hardesty v. Aracoma-Chief Logan*

---

[6] This statute uses the phrase "pretrial diversion" instead of deferred adjudication. The phrases are interchangeable. *See State v. Williams*, 236 W. Va. 130, 136, 778 S.E.2d 579, 585 (2015) ("This Court has recognized that pretrial diversion agreements, also known as deferred adjudication agreements, are not convictions.") (internal quotations and citation omitted). The relevant text of W. Va. Code § 61-11-22 provides the following:

> (a) A prosecuting attorney of any county of this state or a person acting as a special prosecutor may enter into a pretrial diversion agreement with a person under investigation or charged with an offense against the state of West Virginia, when he or she considers it to be in the interests of justice. The agreement is to be in writing and is to be executed in the presence of the person's attorney, unless the person has executed a waiver of counsel.

[7] We have not been called upon in this case to determine the difference between deferred adjudication under W. Va. Code § 61-11-22 and W. Va. Code § 61-11-22a.

[8] The Petitioner also argued that the circuit court's alternative ruling was in error. The circuit court found, as an alternative ground for granting relief, that W. Va. Code § 17C-5-2b was reenacted after W. Va. Code § 61-11-22a was enacted. Therefore, "the

9

*No. 4523, Veterans of Foreign Wars of U.S., Inc.*, 147 W. Va. 645, 645, 129 S.E.2d 921, 922 (1963) ("It is always presumed that the legislature will not enact a meaningless or useless statute."); Syl. pt. 2, *Newhart v. Pennybacker*, 120 W. Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made.").[9] As we have previously said, "[i]n determining how a specific statute should be applied, [w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive

latest enactment of the Legislature controls." *See Stanley v. Dep't of Tax & Revenue*, 217 W. Va. 65, 71, 614 S.E.2d 712, 718 (2005) ("where two distinct statutes stand *in pari materia*, and sections thereof are in irreconcilable conflict, that section must prevail which can properly be considered as the last expression of the law making power.") (internal quotations and citation omitted); *State ex rel. Pinson v. Varney*, 142 W. Va. 105, 109, 96 S.E.2d 72, 74 (1956) ("If the several statutory provisions cannot be harmonized, controlling effect must be given to the last enactment of the Legislature."). The Petitioner argues that this rule of statutory construction should not apply because only a minor change was made to W. Va. Code § 17C-5-2b when it was reenacted in the First Extraordinary Session of 2016. (West Virginia Code § 61-11-22a was enacted in the Regular Session of 2016.) Even though we do not rely upon the circuit court's alternative reason for granting relief, the circuit court applied the law correctly in deciding its alternative ground.

[9]The last argument made by the Petitioner is that prohibition should have been denied because the State had another adequate remedy. According to the Petitioner, the State could have filed a motion to correct the sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State points out that Rule 35(a) was not applicable to the magistrate's ruling, and that Rule 27(b) of the West Virginia Rules of Criminal Procedure for Magistrate Courts permits a sentence to be corrected. The State asserts further that neither rule was applicable because the Petitioner did not receive a sentence, he received deferred adjudication. Finally, the State notes that this issue was not raised below. Insofar as the Petitioner did not raise this issue below, we decline to address the matter. *See* Syl. pt. 1, *State v. Berry*, 227 W. Va. 221, 222, 707 S.E.2d 831, 832 (2011) ("Errors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there.").

question, the language must prevail and further inquiry is foreclosed." *Ancient Energy, Ltd. v. Ferguson*, 239 W. Va. 723, 726, 806 S.E.2d 154, 157 (2017) (internal quotations and citation omitted). The unambiguous text of W. Va. Code § 17C-5-2b resolves the question presented in this case.

## IV.

## CONCLUSION

In view of the foregoing, the circuit court's final order of October 10, 2017 is affirmed.

Affirmed.

11