STATE OF WEST VIRGINIA

**Everett Frazier,**
**Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0362**   (Kanawha County 19-P-47)

**Teresa Maynard,**
**Director and Chief Hearing Examiner,**
**Office of Administrative Hearings, and**
**Clarence Sigley,**
**Respondents Below, Respondents**

**FILED**
**November 5, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

The petitioner herein, Everett Frazier,[1] Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich, appeals from an order entered March 12, 2019, by the Circuit Court of Kanawha County.  In its order, the circuit court denied as premature the writ of prohibition requested by the DMV against the respondents herein, Teresa Maynard, Director and Chief Hearing Examiner of the Office of Administrative Hearings ("OAH"), by counsel Attorney General Patrick Morrisey, Assistant Solicitor General Thomas T. Lampman, and Assistant Attorney General Mark S. Weiler, and Clarence Sigley ("Mr. Sigley"), by counsel Todd F. La Neve.

This Court has considered the parties' briefs, oral arguments, and the appendix and supplemental appendix records on appeal.  Upon consideration of the standard of review and the applicable law, we find no substantial question of law has been presented nor is there prejudicial error.  For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

In this license revocation case, the driver, Mr. Sigley, was arrested and charged with DUI of a controlled substance on April 5, 2017.  The DMV issued an order revoking his driver's license, Mr. Sigley timely requested an administrative hearing to challenge his license revocation, and the

---

[1]Since the filing of this case, the Commissioner of the West Virginia Division of Motor Vehicles has changed, and the Commissioner is now Everett Frazier.  Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

case remained pending, with numerous hearing continuances requested by both the DMV and Mr. Sigley.

As a result of this incident, Mr. Sigley also faced criminal charges as to which he signed a plea of guilty to DUI (controlled substances), with the adjudication thereof deferred for one year and with the charges ultimately to be dismissed if he complied with the terms of the deferment. Although Mr. Sigley signed the plea agreement on March 21, 2018, the magistrate presiding over his case did not sign or enter the guilty plea; therefore, Mr. Sigley has not been convicted of his criminal charges,[2] and the magistrate court ultimately dismissed the criminal charges against Mr. Sigley upon his successful completion of the terms of his deferred adjudication on March 21, 2019.[3] Following Mr. Sigley's signing of his guilty plea, the DMV issued an order revoking his driver's license based upon a conviction of DUI (controlled substances) by guilty plea. Mr. Sigley timely requested a hearing before the OAH to challenge this license revocation, which request the OAH denied, in part, because he had been granted a hearing with respect to his first license revocation for this incident. Ultimately, the DMV withdrew its first license revocation order, leaving the second license revocation order, based upon Mr. Sigley's guilty plea, intact. As a result, the OAH rescinded its denial of Mr. Sigley's request for an administrative hearing regarding his second license revocation and allowed Mr. Sigley's administrative appeal of his second license revocation to proceed to hearing.

---

[2]See W. Va. R. Crim. P. 11 (discussing plea agreements). *Cf.* Syl. pt. 2, in part, *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 465 S.E.2d 185 (1995) ("There is no absolute right under either the West Virginia or the United States Constitutions to plea bargain. Therefore, a . . . court does not have to accept every constitutionally valid guilty plea merely because a defendant wishes to so plead.").

[3]The DMV represents that Mr. Sigley's deferred adjudication agreement was reached in accordance with the version of West Virginia Code § 17C-5-2b in effect at the time of the events giving rise to this proceeding, under which the driver waives his/her right to an administrative hearing. *See* W. Va. Code § 17C-5-2b(b) (2016) ("A defendant's election to participate in deferral under this section shall constitute a waiver of his or her right to an administrative hearing as provided in section two, article five-a of this chapter."). Additionally, this Court's prior opinion in *Young v. State*, 241 W. Va. 489, 826 S.E.2d 346 (2019), holds that a deferred adjudication in a DUI case is governed exclusively by West Virginia Code § 17C-5-2b. *See* Syl. pt. 4, *Young*, 241 W. Va. 489, 826 S.E.2d 346 ("A person charged with the crime of driving under the influence (DUI), pursuant to Chapter 17C, Article 5 of the West Virginia Code, may only seek deferred adjudication as permitted by W. Va. Code § 17C-5-2b (2016). The deferred adjudication allowed under W. Va. Code § 61-11-22a (2016) is not available to a person charged with a DUI offense."). However, the exact terms of Mr. Sigley's deferment state that it was executed pursuant to West Virginia Code § 61-11-22a. Moreover, both the deferred adjudication agreement by which Mr. Sigley's guilty plea was to be deferred and the magistrate court's subsequent dismissal of Mr. Sigley's criminal charge upon his completion of such agreement were concluded before this Court issued its decision in *Young* on March 26, 2019. As such, this Court's holding in *Young* regarding deferred adjudications in DUI cases does not apply to the facts of this case.

2

While the matter was pending for an OAH hearing as to Mr. Sigley's second license revocation, the DMV filed the underlying petition for writ of prohibition in the Circuit Court of Kanawha County on February 12, 2019, seeking to prevent the OAH from conducting its hearing. The DMV claimed that the OAH could not hold a hearing in this matter because the scope of OAH hearings regarding license revocations based upon a conviction, here ostensibly by way of guilty plea, is limited to an identity determination of whether the driver whose license is revoked is the same person as the defendant named in the judgment of conviction pursuant to West Virginia Code § 17C-5A-1a(c).[4] Before the OAH or Mr. Sigley could respond to the DMV's petition, however, the circuit court denied prohibitory relief finding the DMV's request to be premature since the OAH had not yet held a hearing in this matter. Specifically, by order entered March 12, 2019, the circuit court found that the DMV was attempting to preempt the OAH from conducting an administrative hearing in accordance with its express statutory authority[5] to do so; that the OAH should be allowed to conduct the administrative hearing in this case; and that the DMV could then appeal to the circuit court should the OAH render an adverse decision. From the circuit court's ruling, the DMV now appeals to this Court.

On appeal to this Court, the DMV challenges the circuit court's denial of its petition for a writ of prohibition. We previously have held that "[t]he standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syl. pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001). To determine whether

---

[4]West Virginia Code § 17C-5A-1a was amended in 2020. The prior, 2010 version of this statute, which was in effect at the time of the events giving rise to the instant proceeding and applies to the facts of this case, provides, in relevant part, that, upon the DMV's revocation of a driver's license for DUI based upon his/her conviction of the offense,

> [t]he [DMV's] order shall contain the reasons for the revocation . . . and the revocation . . . period . . . provided for in section two of this article. Further, the order shall give the procedures for requesting a hearing which is to be held in accordance with the provisions of said section. The person shall be advised in the order that because of the receipt of a transcript of the judgment of conviction by the commissioner a presumption exists that the person named in the transcript of the judgment of conviction is the person named in the commissioner's order and such constitutes sufficient evidence to support revocation . . . and that *the sole purpose for the hearing held under this section is for the person requesting the hearing to present evidence that he or she is not the person named in the transcript of the judgment of conviction. . . .*

W. Va. Code § 17C-5A-1a(c) (emphasis added). Further, with respect to the facts of this case, the statute provides that, "[f]or the purposes of this section, *a person is convicted when the person enters a plea of guilty* or is found guilty by a court or jury. . . ." W. Va. Code § 17C-5A-1a(e) (emphasis added).

[5]*See generally* W. Va. Code § 17C-5C-3 (establishing jurisdiction of Office of Administrative Hearings ("OAH") to hold administrative hearings).

the DMV is entitled to the prohibitory relief it seeks, we consider the factors governing the issuance of a writ of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 483 S.E.2d 12 (1996). Application of these factors to the facts of this case establishes that the circuit court correctly denied the writ of prohibition requested by the DMV because it has not demonstrated that it is entitled to the extraordinary relief that it seeks.

The first *Hoover* factor requires us to determine "whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief." Syl. pt. 4, in part, *id.* Because the underlying proceeding stems from the driver's appeal of the administrative revocation of his driver's license, it is governed by the West Virginia Administrative Procedures Act ("APA") which "generally provides for judicial review of contested administrative cases." *Johnson v. Comm'r, Dep't of Motor Vehicles*, 178 W. Va. 675, 677, 363 S.E.2d 752, 754 (1987). In relevant part, the APA directs that "[a]*ny party* adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter[.]" W. Va. Code § 29A-5-4(a) (emphasis added). The parties do not dispute that this matter satisfies the contested case requirement, and the APA specifically allows "*any party*," without limitation or qualification, to request judicial review of an adverse administrative ruling. *Id.* (emphasis added). Therefore, the DMV has not satisfied the first *Hoover* factor because it has other adequate means, through a direct appeal to the circuit court, to obtain the relief it seeks herein. *See* Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12.

Likewise, the DMV fails to meet the second *Hoover* factor: "whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal." Syl. pt. 4, in part, *id.* As noted in the preceding discussion, the APA contemplates the procedure to be followed when a party desires to seek relief from an administrative decision. That procedure specifically permits the aggrieved party to apply for "*judicial review*" of the adverse decision, W. Va. Code § 29A-5-4(a) (emphasis added), *not* extraordinary relief. Therefore, it is apparent that the Legislature, when adopting this specific provision of the APA, deemed an appeal to be an adequate remedy for a party to obtain relief from an unfavorable administrative ruling such as the OAH hearing that the

4

DMV tried to prevent in this case. As such, the second *Hoover* factor is not satisfied in this case. Syl. pt. 4, in part, 199 W. Va. 12, 483 S.E.2d 12.

The third *Hoover* factor finds prohibition to be appropriate where "the lower tribunal's order is clearly erroneous as a matter of law." Syl. pt. 4, in part, *id.* The circuit court's ruling denying the DMV's requested writ of prohibition is not erroneous for three reasons. First, with respect to the present procedural posture of the case, we previously have held that

> "[*p*]*rohibition* lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and *may not be used as a substitute for* [*a petition for appeal*] or certiorari." Syl. Pt. 1, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1953).

Syl. pt. 3, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12 (emphasis added). As explained in the foregoing analysis, the Legislature specifically has designated judicial review, *i.e.* a petition for appeal to the circuit court, as the method by which to challenge a decision rendered by an administrative tribunal, such as the OAH in this case. *See* W. Va. Code § 29A-5-4(a). Thus, the circuit court correctly determined that the DMV's request for extraordinary relief was premature because it had not allowed the administrative proceedings to occur, much less be concluded.

Second, with respect to the merits of the DMV's request for relief, the circuit court properly found that the Legislature has vested the OAH with the authority to conduct hearings of DMV orders revoking a driver's license to operate a motor vehicle in this State, such as Mr. Sigley's administrative appeal at issue in this case. *See generally* W. Va. Code § 17C-5C-3. And, third, with specific regard for the limited scope of the OAH's hearing in this case pursuant to West Virginia Code § 17C-5A-1a(c), the circuit court correctly observed that the DMV's contention that the OAH hearing exceeded the limited scope of the administrative hearing allowed under this section had been raised prematurely because the driver had not yet been afforded an opportunity to raise his challenge to his license revocation because the OAH had not yet held the hearing thereon. Moreover, Mr. Sigley contends on appeal that his objection to his license revocation does, in fact, come within the limited scope of administrative review afforded by § 17C-5A-1a(c) because he intends to raise an identity challenge to "the transcript of the judgment of conviction," *id.*, insofar as the magistrate court's failure to enter his guilty plea means that he has not been convicted of DUI. Therefore, the DMV has not demonstrated that the circuit court's order was legally wrong so as to establish its entitlement to prohibitory relief under the third *Hoover* factor. *See* Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12.

Under the fourth *Hoover* factor, the party seeking extraordinary relief in prohibition must show that "the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law." *Id.* On the contrary, the circuit court's ruling in this case defers to the administrative procedure established by the APA to allow parties to seek "*judicial review*," W. Va. Code § 29A-5-4(a) (emphasis added), of adverse administrative decisions. Similarly, the circuit court's order recognizes the substantive law by which the Legislature granted the OAH the authority to preside over appeals of license revocation orders. *See* W. Va. Code

§ 17C-5C-3. Thus, the fourth *Hoover* factor for the issuance of a writ of prohibition has not been satisfied. Syl. pt. 4, in part, 199 W. Va. 12, 483 S.E.2d 12.

The fifth and final factor of the *Hoover* test requires a showing that "the lower tribunal's order raises new and important problems or issues of law of first impression." *Id.* To the extent that the DMV challenges the OAH's ability to ascertain its authority to hold a hearing pursuant to West Virginia Code § 17C-5A-1a(c), this issue is not novel because we previously have considered the scope of an administrative tribunal's authority. In this regard, we expressly have held that "an express grant of powers to an administrative agency will be determined to include such other powers as are necessarily or reasonably incident to the powers granted[.]" Syl. pt. 3, in part, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). Moreover, we also have recognized that "'[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous.' Syl. Pt. 4, *Security Nat'l Bank & Trust Co. v. First W. Va. Bancorp.,* 166 W. Va. 775, 277 S.E.2d 613 (1981)." Syl. pt. 3, *Corliss v. Jefferson Cty. Bd. of Zoning Appeals*, 214 W. Va. 535, 591 S.E.2d 93 (2003). Therefore, the OAH's general jurisdictional powers to hold an administrative hearing, granted by West Virginia Code § 17C-5C-3, and its specific authority to hear a limited challenge of a driver's license revocation order pursuant to West Virginia Code § 17C-5A-1a(c), would also allow the OAH to determine whether the nature of Mr. Sigley's objection to his license revocation falls within the identity challenge to which § 17C-5A-1a(c) administrative appeals are limited. As such, the DMV also has failed to establish that the final *Hoover* factor entitles it to extraordinary relief. Syl. pt. 4, in part, *Hoover*, 199 W. Va. 12, 483 S.E.2d 12.

For the foregoing reasons, we conclude that the circuit court did not err by denying as premature the writ of prohibition requested by the DMV. Accordingly, we affirm the March 12, 2019 order of the Circuit Court of Kanawha County.

Affirmed.

**ISSUED:** November 5, 2020

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING AND WRITING SEPARATELY:**
Chief Justice Tim Armstead

6

**ARMSTEAD, Chief Justice, dissenting:**

I dissent because the majority decision is inconsistent with this Court's recent opinion in *Young v. State*, 241 W. Va. 489, 826 S.E.2d 346 (2019). In that matter, this Court held that:

> A person charged with the crime of driving under the influence (DUI), pursuant to Chapter 17C, Article 5 of the West Virginia Code, may only seek deferred adjudication as permitted by W.Va. Code § 17C-5-2b (2016). The deferred adjudication allowed under W. Va. Code § 61-11-22a (2016) is not available to a person charged with a DUI offense.

Syllabus Point 4, *Id*.

The majority decision notes in footnote 3 that Mr. Sigley was able to obtain precisely what this Court said in *Young* was unattainable – he sought and received a deferred adjudication for a DUI offense under the provisions of West Virginia Code § 61-11-22a (2016). In that footnote, the majority decision concludes that because the opinion in *Young* was rendered by this court after Mr. Sigley's deferred adjudication, it is inapplicable to Mr. Sigley.

Mr. Sigley was arrested twenty-two days before Mr. Young and received his deferred adjudication almost nine months to the day after Mr. Young. Because *Young* held that such resolutions are "not available to a person charged with a DUI offense," *Id.*, it is unfathomable that this same rule would not apply to Mr. Sigley.

Mr. Sigley's adjudication was either null and void or, since a deferred adjudication is not available for DUI offenses, was tantamount to a plea of guilty to DUI. Our law clearly provides that a person who enters a guilty plea to a DUI offense is not

entitled to an administrative hearing. *See* W. Va. Code § 17C-5A-1a (2010). Thus, Petitioner is correct that the OAH lacked jurisdiction to hear an administrative appeal arising from Mr. Sigley's guilty plea.

The majority decision represents a tacit rejection of *Young*. There is no reason why *Young* should not be applied here to reverse the circuit court's summary dismissal of Petitioner's writ and order the circuit court to grant the underlying writ.