# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Defendant Below, Petitioner**

**vs.)  No. 22-0352** (Kanawha County No. 22-P-40)

**Brian Ettinger,**
**Plaintiff Below, Respondent**

# MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles (hereinafter "DMV"), appeals the April 5, 2022, order of the Circuit Court of Kanawha County granting Respondent Brian Ettinger's writ of prohibition and vacating the December 29, 2021, order revoking Mr. Ettinger's driver's license.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Respondent Brian Ettinger ("Mr. Ettinger") was arrested in Berkeley County, West Virginia, on June 6, 2021, and charged with four offenses: fleeing while driving under the influence of alcohol ("DUI"), DUI, driving left of center, and speeding. The fleeing while DUI charge is noted by the circuit court to be a felony charge. No field sobriety tests were performed, and no breath test was recorded. The investigating officer failed to appear at the June 24, 2021, preliminary hearing on the charges, which was continued by the Magistrate Court of Berkeley County on the joint motion of the State and Mr. Ettinger citing "[p]arties [i]nvestigating [r]esolution" as the grounds. In addition, Mr. Ettinger signed a waiver of the relevant time frames. Subsequently, he voluntarily completed an in-patient alcohol treatment program.

After the arrest, the investigating officer submitted a "West Virginia DUI Information Sheet" to the DMV, including the officer's criminal complaint statement, indicating that Mr. Ettinger committed a DUI and refused the designated secondary chemical breath test and other tests. On August 6, 2021, the DMV completed a DUI history arrest record for Mr. Ettinger, finding no previous DUI convictions or revocations.

---

[1] Petitioner DMV appears by Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich. Respondent Brian Ettinger appears by counsel Bradley J. Wright.

On September 8, 2021, the parties in the criminal case appeared before the magistrate court for a preliminary hearing. The investigating officer again failed to appear. A joint motion to continue and place the matter on a six month "STET"[2] docket was filed by the State and Mr. Ettinger, indicating "Def. has completed alcohol counseling/ treatment. Will now complete interlock and com. svc. for dismissal." The motion was granted by the magistrate court. On that same day, the magistrate court entered a community service order, modified to state "entered stet diversion w/ [S]tate" and "as condition of stet." The language "was found guilty or pled no contest to the following charges" was crossed out in the form order; however, language related to an alternative sentence remained. Mr. Ettinger voluntarily installed interlock in his vehicle. He completed community service hours as of October 7, 2021.

The DMV contends that on December 1, 2021, it received the September 8, 2021, motion for continuance granted by the magistrate court. Petitioner also states that on December 9, 2021, the Unified Judicial Application ("UJA") showed the disposition for the DUI matter as "Proceedings deferred 09/08/2021." The UJA also indicated "Disposition Text: 6 month STET[.]" On December 29, 2021, the DMV entered an order revoking Mr. Ettinger's West Virginia driver's license as of February 2, 2022, "because [he was] convicted of driving a motor vehicle on June 6, 2021 in West Virginia while under the influence of alcohol…" ("order of revocation"). Mr. Ettinger's counsel notified the DMV that this was inaccurate, but the DMV refused to withdraw or correct the order of revocation.

On January 21, 2022, the State and Mr. Ettinger jointly filed an "Agreed Order of Dismissal" providing that "[i]n support of dismissal, the State offered that upon further investigation, there was insufficient evidence to support continued prosecution." On that same day, the magistrate court entered a separate criminal judgment order setting forth a "Judgment of Dismissed" on each of the four charges, stating "6 month STET. State's further investigation show[s] insufficient evidence to support continued prosecution."

On February 2, 2022, Mr. Ettinger filed his "Verified Petition for Writ of Prohibition, Declaratory Judgment, and Injunctive Relief" in the Circuit Court of Kanawha County, West Virginia, and, on February 11, 2022, the circuit court entered an "Order Granting Temporary Restraining Order." The DMV filed a "Notice of Special Limited Appearance, Motion to Dismiss for Lack of Jurisdiction, and Request for Costs." On March 23, 2022, at a hearing on that motion, the DMV announced that it was withdrawing the motion to dismiss. It requested to be allowed to proceed with responding to the verified petition on the merits, in lieu of filing a written answer. Mr. Ettinger agreed, clarifying that he did not object to the circuit court proceeding by entering a rule to show cause and allowing the DMV, at its request, to respond to the verified petition at the hearing, rather than in writing. The circuit court agreed to proceed in the manner that the parties requested. The proceeding moved forward with the testimony of the DMV's General Counsel regarding the merits of the underlying petition. He testified that there is not any one standard form or document that the various courts send to the DMV based on the criminal DUI process. As such, he testified the DMV must review all documents, which lack uniformity, and apply all applicable

---

[2] The circuit court explained that "STET" is primarily used in Maryland and is defined as "[a]n order staying legal proceedings, as when a prosecutor determines not to proceed on an indictment and places the case on a stet docket." *STET*, Black's Law Dictionary (7th Edition 1999)

traffic statutes to interpret the documents in order to fulfill its administrative duties. He testified that, in this case, Mr. Ettinger received an "inartfully drafted" order providing that he was convicted of a DUI. However, he asserted that this was appropriately interpreted to be a deferral under West Virginia Code § 17C-5-2b (2020)[3] ("DUI deferral statute") requiring revocation because the motion to continue indicated Mr. Ettinger had completed alcohol counseling and treatment and would complete interlock. He testified that the entry in the UJA also supported this interpretation.

On April 5, 2022, the circuit court entered an "Order Granting Writ of Prohibition" considering the factors this Court established in Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996):

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of

---

[3] West Virginia Code § 17C-5-2b (2020) provides, in pertinent part:

(a)(1) Except as provided in subsection (f) of this section, the court, without entering a judgment of guilt and with the consent of the accused, shall defer further proceedings and impose probation, when:
> (A) The person pleads to or is found guilty of the offense defined in § 17C-5-2(e) of this code;
> (B) The person has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to driving under the influence of alcohol, any controlled substance, or any other drug; and
> (C) The person notifies the court within 30 days of his or her arrest of his or her intention to participate in a deferral pursuant to this section.

(2) If all the requirements in subdivision (1) of this subsection are met, the court, without entering a judgment of guilt, shall defer further proceedings and place the person on probation, the conditions of which shall include that he or she successfully completes the Motor Vehicle Alcohol Test and Lock Program as provided in § 17C-5A-3a of this code. Participation therein shall be for a period of at least 165 days after a 15-day suspension of his or her license to operate a motor vehicle and shall be completed within one year thereafter….

law, should be given substantial weight.

The circuit court concluded that the first factor weighed in favor of granting a writ because there was no opportunity for direct appeal of the license revocation, and neither party disputed that a writ was the appropriate way to seek relief. The second factor also weighed in favor of granting a writ, the circuit court concluded, because the damage to Mr. Ettinger was irreparable given the lack of alternate mechanism to appeal and that he may lose both his license and his job if the revocation order was enforced. The DMV did not dispute the potential or actual irreparable harm. The third factor, which the circuit court gave substantial weight, also weighed in favor of granting the writ. Under this factor, the circuit court concluded it was clear error of the DMV to revoke Mr. Ettinger's license. The circuit court found it significant that the DUI charges below were dismissed based on a representation to the magistrate court that insufficient evidence existed to prosecute the case against Mr. Ettinger. The circuit court concluded that this outweighed the attempt by the DMV to suggest that the only reason the charges were dismissed was an illegal or unlawful quasi-deferral or pretrial diversion program. It found the basis for the dismissal was not in dispute and that the State did not possess the required evidence to prosecute the matter in magistrate court. After reviewing the statutes cited by the DMV, the circuit court held that they were inapplicable because Mr. Ettinger did not enter a deferred, guilty, or conditional plea to, and was not convicted of, a qualifying offense. With regard to the fourth factor, frequency of error, the circuit court concluded that Mr. Ettinger did not assert that this was a frequent error or persistent disregard for the law, which weighed against granting the writ. The circuit court also concluded, under the fifth factor, that this was not a novel legal question and that the case law and statutes are clear; this factor weighed in favor of granting the writ. Balancing all of these factors, the circuit court concluded that the DMV exceeded its legitimate powers and that the order revoking Mr. Ettinger's license was clearly erroneous.[4]

The DMV appeals this order arguing that the circuit court erred as a matter of law by concluding that it lacked authority to revoke Mr. Ettinger's driving privileges under the DUI deferral statute. In arguing this assignment of error, the only issue raised and briefed by the DMV relates to the third factor in *Hoover*, whether it was clear error for the DMV to revoke Mr. Ettinger's license based on the documents received by the DMV related to the criminal DUI matter. The DMV also contends Mr. Ettinger only presented argument, not evidence, in support of his position and explanation of the underlying dismissal of the criminal charges. Our review of the circuit court's order granting relief through a writ of prohibition is de novo. Syl. Pt. 1, *Martin v. West Virginia Division of Labor Contractor Licensing Board*, 199 W. Va. 613, 486 S.E.2d 782 (1997).

The DMV argues that it is responsible for administrative license revocations based on DUI offenses under West Virginia Code § 17C-5-2b, and that the documents from the magistrate court and the actions of Mr. Ettinger during the pendency of the magistrate court proceeding indicated

---

[4] The circuit court order also awarded Mr. Ettinger attorney's fees and costs, but that award was subsequently rescinded. The issue of attorney's fees and costs is addressed in a memorandum decision for the companion appeal filed by Mr. Ettinger in *Brian Ettinger v. Everett Frazier, Commissioner, West Virginia Division of Motor Vehicles*, Docket No. 22-0431.

4

a deferral pursuant to conditional probation under West Virginia Code § 17C-5-2b(a)(2). Under this Court's holding in *Young v. State*, 241 W. Va. 489, 826 S.E.2d 346 (2019), the DMV argues, a deferral under the DUI deferral statute is the only legal explanation for the conditions set out in the motion for continuance before the magistrate court in this case.[5] Mr. Ettinger contends that he did not seek, and in fact was not eligible for, a DUI deferral. He states that he was not convicted of, and did not enter a plea of any sort to, a qualifying offense that would trigger a license revocation under West Virginia Code § 17C-5-2b. Accordingly, he contends there is no statutory authority for the DMV's revocation of his license.

We agree with the circuit court that Mr. Ettinger is entitled to a writ of prohibition. In *Young* this Court held that "[a] person charged with the crime of driving under the influence (DUI), pursuant to Chapter 17C, Article 5 of the West Virginia Code, may only seek deferred adjudication as permitted by W.Va. Code § 17C-5-2b (2016)…." *Young*, 241 W. Va. at 489, 826 S.E.2d at 347, Syl. Pt. 4, in part. Among other conditions for a DUI deferral, West Virginia Code § 17C-5-2b(a)(1) requires that the individual plead guilty or be found guilty of a DUI under West Virginia Code § 17C-5-2(e) and notify the court within 30 days of his or her arrest of the intention to participate in a DUI deferral. In this case there is no DUI conviction, plea, or conditional probation. There is no notice of an intent by Mr. Ettinger to participate in a deferral under the DUI deferral statute. Both of these elements are required to apply the DUI deferral statute. There is no court order requiring Mr. Ettinger to participate in interlock or alcohol treatment. The investigating officer twice failed to appear before the magistrate court. The State and counsel for Mr. Ettinger represented to the magistrate court in the agreed order of dismissal that there was insufficient evidence to support continued prosecution of the criminal case against Mr. Ettinger and the magistrate court found the same for each charge. Unlike the Judicial Investigation Commission matters cited by petitioner, there is no evidence of improper motive, payments, or donations in exchange for the dismissal. Finally, the order of revocation incorrectly stated that Mr. Ettinger had been convicted of a DUI. In these circumstances, we will not infer an improper action on the part of the attorneys or magistrate involved in this case to undermine and avoid the clear directive set out in the DUI deferral statute and *Young*, and we agree that the revocation of Mr. Ettinger's license by the DMV was clear error.

For the foregoing reasons, we affirm the circuit court's April 5, 2022, order granting Mr. Ettinger's writ of prohibition that vacated the order of revocation issued by the DMV.

Affirmed.

**ISSUED:** June 13, 2023

---

[5] To the extent petitioner invites this Court to make an advisory opinion as to documents and information received in unspecified other DUI matters not before the Court in this case, we decline to do so. This opinion is limited to the facts in this case only. *See State ex rel. Morrisey v. W. Va. Off. of Disciplinary Couns.*, 234 W. Va. 238, 246, 764 S.E.2d 769, 777 (2014).

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead

Armstead, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.