IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WVTB, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-433**          (Cir. Ct. of Berkeley Cnty. Case No. CC-02-2019-C-122)

**HARRY L. WEEKS, III, REYIAN MANGONTONG,**
**SHEENA MANGONTONG, SCOTT R. MUMPOWER,**
**TIERNEY A. RINER, PRINCETON SHOALS**
**HOMEOWNERS ASSOCIATION,**
**BERKELEY COUNTY PLANNING COMMISSION, and**
**SHERMAN LAND HOLDINGS, LLC,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner WVTB, LLC ("WVTB") appeals two orders from the Circuit Court of Berkeley County dismissing its quiet title action. The first order, entered August 18, 2020, granted the motions to dismiss of Respondents Harry L. Weeks, III, Reyian Mangontong, Sheena Mangontong, Scott R. Mumpower, and Tierney A. Riner. The second order, entered September 6, 2023, disposed of the remainder of WVTB's claims. Princeton Shoals Homeowners Association ("Princeton Shoals HOA") filed a response. Harry L. Weeks, III, Reyian Mangontong, Sheena Mangontong, Scott R. Mumpower, and Tierney A. Riner (collectively, "Individual Respondents") filed a joint response.[1] WVTB filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sherman Land Holdings, LLC ("Sherman") was the owner and developer of Princeton Shoals, a subdivision located in Berkeley County. In 2008, Sherman recorded a subdivision plat with the Berkeley County Commission Clerk (the "2008 Plat"). Lots numbered 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, and 227 of the 2008 Plat are

---

[1] WVTB, LLC is represented by Michael C. Doss, Esq. Princeton Shoals HOA is represented by Alex A. Tsiatsos, Esq. The Individual Respondents are represented by David L. Van Slyke, Esq. The Berkeley County Planning Commission and Sherman Land Holdings, LLC did not participate in this appeal.

the subject of WVTB's quiet title action (the "WVTB Lots"). The 2008 Plat also included a road named Likens Circle providing ingress and egress to and from the WVTB Lots.

Sherman completed a subdivision replat in 2011 (the "2011 Replat") reclassifying Lots 200 through 211 as open space, resizing former lots 199 and 212, renaming lots 199 and 212 as lots 199A and 212A, creating new lot 200A, and eliminating Likens Circle. The 2011 Replat, however, was not approved by the Berkeley County Planning Commission until March 20, 2016, and was not recorded until May 6, 2016.

On July 1, 2013, the WVTB Lots previously owned by Sherman were assessed and taxed by the Berkeley County Assessor as residential lots for the 2014 tax year. The assessments were based on depictions set forth in the 2008 Plat. Sherman failed to pay the 2014 taxes on the WVTB Lots. On November 18, 2015, the Berkeley County Sheriff conducted a sheriff's tax sale and sold the tax liens attached to each of the WVTB Lots to WVTB.

On January 20, 2016, WVTB completed a title examination and notified those entitled to redeem that they were required to do so by March 31, 2017. No one redeemed and on April 1, 2017, tax deeds to the WVTB Lots were issued to WVTB.

In October 2016 and November 2016, Sherman conveyed lots 199A, 212A, and 200A (the "Individual Respondents' Lots") to Barron Homes of West Virginia, Inc. Within days, Barron Homes conveyed the Individual Respondents' Lots to the Individual Respondents. The deeds associated with these conveyances were recorded in Berkeley County in October 2016 and November 2016.

On March 20, 2019, WVTB filed its quiet title action, pursuant to West Virginia Code § 11A-3-30 (2010) (repealed 2022), in the Circuit Court of Berkeley County against the Berkeley County Planning Commission, Princeton Shoals HOA, and the Individual Respondents to determine what property WVTB owned by virtue of its tax deeds. The Individual Respondents filed a motion to dismiss the complaint for failing to state a claim pursuant to 12(b)(6) of the West Virginia Rules of Civil Procedure. In its August 18, 2020, order, the circuit court found that Sherman owned the WVTB Lots until WVTB's tax deeds were issued on April 1, 2017, and as owner had the right to record the 2011 Replat. The circuit court also found that Sherman was the only party entitled to redeem because the 2011 Replat and the Individual Respondents' deeds were recorded before the tax deeds were issued. Based on these findings, the circuit court dismissed the Individual Respondents, with prejudice, concluding that WVTB's request to quiet title based on WVTB Lots' configuration in the 2008 Plat was not a meritorious claim under West Virginia law.

Following a status conference three years later, the circuit court entered the September 6, 2023, final order providing that based on its prior rulings and the withdrawal

2

of claims by Princeton Shoals HOA, that WVTB's tax deeds were tax deeds for property as depicted in the 2011 Replat – approximately five acres of open space with no road access. WVTB appealed the two circuit court orders entered August 18, 2020, and September 6, 2023.

We review both orders under a de novo standard. *See Savarese v. Allstate Ins. Co.,* 223 W. Va. 119, 123, 672 S.E.2d 255, 259 (2008) (when reviewing a circuit court's order granting a motion to dismiss, this Court applies a de novo standard of review). Also, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." *Young v. State*, 241 W. Va. 489, 491, 826 S.E.2d 346, 348 (2019).

In its first assignment of error, WVTB asserts that the circuit court erroneously held that WVTB's quiet title action filed pursuant to West Virginia Code § 11A-3-30, against the Individual Respondents was not a meritorious claim under West Virginia law. In its second assignment of error, WVTB asserts that the circuit court erroneously determined that title to the WVTB Lots was limited to the title owned by Sherman at the time WVTB's tax deeds were issued. WVTB's main argument is that title and all property ownership rights transferred by the tax deeds relates back to the date the subject delinquent taxes were assessed.[2] Therefore, WVTB argues that the April 1, 2017, tax deeds transferred title and all ownership rights to the WVTB Lots as those rights existed on July 1, 2013, namely, residential lots with road access via Likens Circle. Conversely, the Individual Respondents and Princeton Shoals HOA assert that title and all property ownership rights to the WVTB Lots were not transferred to WVTB until the tax deeds were issued and therefore, WVTB obtained title and ownership rights to the WVTB Lots as those rights existed on April 1, 2017, namely approximately five acres of open space with no road access. We agree with the Individual Respondents and Princeton Shoals HOA.

West Virginia Code § 11A-3-30 provides, in relevant part:

(a) Whenever the purchaser of any tax lien on any real estate sold at a tax sale, his or her heirs or assigns has obtained a deed for the real estate from the State Auditor or from a commissioner appointed to make the deed, he or she or they shall acquire all right, title and interest, in and to the real estate, as was, at the time of the execution and delivery of the deed, vested in or held by any person who was entitled to redeem . . .

(b) . . . The title acquired shall relate back to July 1 of the year in which the taxes, for nonpayment of which the tax lien on the real estate was sold, were assessed.

---

[2] Here, the WVTB Lots were assessed for the 2014 tax year on July 1, 2013.

3

(c) Any individual purchaser to whom a tax deed has been issued may institute and prosecute actions to quiet title in any real estate conveyed by the tax deed....

W. Va. Code § 11A-3-30 (2010) (repealed 2022).[3]

"Title" as used in West Virginia Code § 11A-3-30(b) is not defined and to help determine what property rights associated with title relate back, the circuit court turned to an analogous case, *Ancient Energy, Ltd., v. Ferguson*, 239 W. Va. 723, 728, 806 S.E.2d 154, 159 (2017). Relying on *Ancient*, the circuit court concluded that title as described in West Virginia Code § 11A-3-30(b) relates back to the original assessment date for purposes of tax assessments only and that the full bundle of property rights, "all rights, title and interest" under West Virginia Code §11A-3-30(a), do not vest until execution and delivery of the tax deeds.

Based on our review, we find no reason to disturb the circuit court's rulings. Even as a tax delinquent property owner, Sherman retained all rights, title, and interest to the WVTB Lots, including the right to convey and replat, until execution and delivery of the tax deeds on April 1, 2017. Sherman exercised its property rights by changing the WVTB Lots to open space and by removing Likens Circle. Sherman further exercised its property rights by conveying the Individual Respondents' Lots. In a recent case before this Court, *Folse v. Rollyson*, we determined that in the context of a deputy commissioner's tax deed sale, a tax delinquent property owner lost the right to convey its property only when the tax lien purchaser acquired the right to request a tax deed. *See Folse v. Rollyson*, 249 W. Va. 389, 895 S.E.2d 244 (Ct. App. 2023). We find the same reasoning applicable in this case. Pursuant to West Virginia Code § 11A-3-27, WVTB did not acquire its right to request its tax deeds until April 1, 2017. *See* W. Va. Code § 11A-3-27 (2013) (repealed 2022) (providing that a purchaser of a tax lien at a sheriff's sale cannot request a tax deed until April 1 of the second year following the sheriff's sale). Therefore, even as a tax delinquent property owner, Sherman was free to convey and reconfigure its property as it saw fit, albeit subject to the tax liens.[4]

For the foregoing reasons, we find no error by the circuit court in ruling that the tax deeds delivered on April 1, 2017, conveyed all rights, title, and interest to the WVTB Lots as depicted in the 2011 Replat.

---

[3] West Virginia Code § 11A-3-30 was repealed as part of a significant rewrite of the tax lien sale statutes. The repeal took effect in 2022 but West Virginia Code § 11A-3-30 controls here because the subject transactions occurred prior to 2022.

[4] We note that the 2011 Replat and the deeds to the Individual Respondents' Lots were all recorded in 2016, well prior to issuance of the April 1, 2017, tax deeds and therefore, WVTB was on constructive notice of the changes to the nature of the property.

Accordingly, we affirm the Circuit Court of Berkeley County's August 18, 2020, order and the September 6, 2023, final order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen

**CONCURRING AND WRITING SEPARATELY:**

Judge Daniel W. Greear

GREEAR, JUDGE, concurring:

I concur in the majority's decision to affirm the August 18, 2020, and September 6, 2023, orders of the Circuit Court of Berkeley County. However, pursuant to my concurrence in *Jay Folse v. G. Russell Rollyson Jr. and John McCuskey Jr.*, 249 W. Va. 389, 895 S.E.2d 244 (Ct. App. 2023), there remains no support for the majority's delineation between the right to request a tax deed and the issuance of such tax deed when referring to one's cognizable property interests. A delinquent property owner possesses, as a part of their property interests, all such interests which are cognizable and may be conveyed until the issuance of the tax deed, with such conveyed interests being subject to the tax lien.